KELLY *et al. v.* THE NATOMA WATER CO.

Possession or actual appropriation must be the test of priority in all claims to the use of water, wherever such claims are not dependent on the ownership of the land through which the water flows.
Such appropriation cannot be constructive.
The erection of a dam across a natural water course, is an actual appropriation of the water at that point, but not below it, even though the water flowing over the dam is brought into the water-course by canals constructed by the owners of the dam.

APPEAL from the District Court of the Twelfth Judicial District.

The defendants, the Natoma Water and Mining Co., commenced a canal, in 1852, to conduct water from a point on the South Fork of the American River, about twenty miles above Alder Creek, to supply the miners above and below that creek. In September, 1853, they pur-

chased a dam, constructed a few months prior, on Alder Creek, and turned their water into the bed of the creek, above the dam. They had flumes, conducting the water from the dam to points lower down. In Alder Creek there is no running water from natural sources, except in times of freshet, though there are pools of water a part of the year. The defendants also built another dam for the same purpose, and constructed canals to conduct the water to miners lower down. The defendants had used natural water-courses, wherever practicable, down to this point, along the route of their works, and took up the water sold by them, after it was used, and conducted it by canals to lower points of their works, and re-sold it. There was an escape of water from the lower dam of defendants, and the plaintiffs subsequently, and in the month of October, 1853, built a dam, half a mile below that of defendants, and used the water thus escaping from defendants' dam. Prior to this, the defendants had charged certain Chinamen for the use of the escape-water; and at the time plaintiffs commenced their dam, the defendants notified them that they should charge for the water, and had not abandoned it, and that they intended to erect other dams to collect it; but the defendants had not actually appropriated the bed of the creek below their dam. About May 1, 1854, the defendants erected another dam, about one hundred yards above the plaintiffs' dam, thereby cutting off the water used by plaintiffs. The plaintiffs brought their action for damages, and to restrain defendants. The case was tried by the Court, who awarded the plaintiffs damages to the amount of $648, being the value of the water cut off from plaintiffs, and entered a decree that defendants' last-erected dam be removed and abated. Defendants moved for a new trial, which was denied, and defendants appealed.

*Haggin, Crocker & Robinson* for Appellants.

The Natoma Co. were the absolute owners of the water conducted by them from the South Fork and discharged into Alder Creek, and they had a right to use the channel of that creek for the conveyance of water, subject only to rights therein acquired *prior* to the location of their works.

In discharging water into Alder Creek, the defendants did not abandon, or intend to abandon, their rights to such water, of which facts the plaintiffs had full notice.

If Kelly & Co. acquired any rights, they can compel the defendants to continue the supply of water.

The defendants had a right to erect the dam complained of, because, 1. They owned the water and had not abandoned it. 2. The dam was a substitute for their former dam, erected prior to plaintiffs' dam. 3. The defendants located their works in 1852, and constructed them, in good faith, as rapidly as possible. 4. Even if defendants had lost their water previous to the construction of their last dam, they had a right to resume possession of it, or to keep possession of water by them subsequently supplied. Arkwright v. Gill, 5 Meeson & Welsby, 203, 227; Angell on Water Courses, §§ 227, 228; 17 Pick., 184; 9 N. Hamp. R., 454; 3 Paige, 605.

The rights of defendants relate back to the time of the commencement of their works.   Barnes *v.* Stark, Jan. T., 1853.

The case of Eddy *v.* Simpson, 3 Cal., 249, merely decides what is the effect of an abandonment, and does not apply to this case.   See Whittier *v.* The Cocheco Man. Co., 9 N. H., 454.

The plaintiff can have no vested right to the water leaking from defendant's dam, for the defendants can at any moment turn off the supply from Alder Creek, in which case the plaintiff could certainly have no recourse upon defendants.

Neither did the erection of the plaintiff's dam give them any right to the bed of the stream above them, but only at the most, to such water as was taken up by their dam, and the defendants had certainly a right to construct a dam to save their own water above that of plaintiff.

*Clark & Gass* for Respondents.

The evidence shows that the water collected by plaintiffs' dam, *escaped*, and was not *discharged* from the defendants' dam.   It was not water turned by them into Alder Creek below their first dams voluntarily, and for the purpose of collecting or using it lower down.

The finding of the Court below establishes the fact, that the defendants at the time of the erection of plaintiffs' dam, had not appropriated the bed of the creek between the dams of the two parties; it was therefore open to appropriation, and was appropriated by the plaintiffs for the collection of water in their dam.

The defendants are not the owners of water by them allowed to escape into a natural water course.   The right to water is not absolute, but only usufructuary, and only continues with possession.   Angell on W. C. 86, §§ 94, 95.   Eddy *v.* Simpson, 3 Cal. R., 252.

The water having found its way into a natural channel, was appropriated by plaintiffs, and the erection of the last dam by defendants, one hundred yards above that of plaintiffs, was an infringement of plaintiffs' rights, and ought to be abated.

The notice given by defendants was the assertion of a claim having no legal sanction, viz.: an absolute right to the *corpus* of the water, and a consequent right to retake possession whenever they found it.   Such a notice created no liability.

The first dams erected by defendants, appropriated, we admit, all water flowing naturally or artificially into the stream *above* the dam, but could give no right to the use of water below it.   They might change its location, if it could be done without injury to the rights of others. Here the plaintiffs rights intervened, and were injured by the erection of a dam lower down, and just above their own.

We do not deny defendants' right to keep possession of all water brought by them in their own canals, provided that in devising means to keep this possession, they do not infringe on the rights of others.   In this case they have infringed upon our right to the use of water *found running* in the creek.   Their right being only usufructuary, was lost when the water found its way back into natural channels, and we ac-

quired a right to it, upon which they have trespassed. This case is identical in principle with Eddy *v.* Simpson.

There is nothing in the record to show an intention on the part of defendants at the commencement of their works, to appropriate Alder Creek for the purpose of conducting water, and if there were, a mere intention is insufficient. An actual appropriation could only give the right contended for.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

Possession, or actual appropriation, must be the test of priority in all claims to the use of water, whenever such claims are not dependent upon the ownership of the land through which the water flows.

Such appropriation cannot be constructive, because there would be no rule to limit or control it, resting, as it must, only in intention. The principle, as laid down in Eddy *v.* Simpson. 3 Cal. R., 249, must govern this case.

The design of the defendants, two years before, to appropriate Alder Creek as a connecting link of their enterprise, could not give them exclusive rights until it was executed, because it is not the intention to possess, but the actual possession, which gives the right. And so, in the case of Barnes *v.* Starke, cited by appellants, the doctrine of relation, as between the acts of the plaintiff, first and last, was simply applied to the thing possessed, and not to the intention of possessing.

The purchase, by the defendants, of Walker's dam, was an actual appropriation of the waters of the creek so far, but no further; and until they built a dam below, in order to make a further appropriation, any one else had the right to do so. If they had commenced first to build the dam in good faith, then, although their power of enjoyment would not commence until its completion, yet the right, as against others, would bear relation to the time of commencement; and this is all that the principle in Barnes *v.* Starke amounts to.

Judgment affirmed.