[L. A. No. 2638. In Bank.—December 11, 1911.]

INYO CONSOLIDATED WATER COMPANY (a Corporation), Appellant, v. STODDARD JESS et al., Respondents.

WATER—APPROPRIATION IN UNITED STATES FOREST RESERVE—APPLICATION FOR LICENSE — EXTENSION OF TIME TO COMMENCE WORKS.— Under section 1422 of the Civil Code, an appropriator of water, of which the place of intended diversion or part of the route of the conduit to be constructed to convey it to the place of use, is within a forest reserve of the United States, who has made the required surveys and applied to the proper public officers for a license to occupy and use such reserved lands, and who has used due diligence, is relieved from the requirements of sections 1416 and 1419 that such works must be commenced within sixty days after the posting of the notice of appropriation. Under that section, the time to commence the works is extended to sixty days after he shall have received such license.

ID.—RIGHTS OF APPROPRIATOR PENDING APPLICATION FOR LICENSE— ACTION TO DETERMINE CONFLICTING CLAIMS.—Pending such appropriator's application for a patent, his rights to begin and complete the diversion works and to maintain an action against adverse claim-

ants to determine conflicting claims to the water, are the same as they would be if the original sixty days had not expired.

ID.—INCOMPLETE RIGHT OF APPROPRIATOR — INTEREST IN REALTY — QUIETING TITLE.—The incomplete right of an appropriator of water, who has posted the notice of appropriation required by section 1422 of the Civil Code, although not as yet a title, is an interest in the realty, which may be protected, under section 738 of the Code of Civil Procedure, by an action to determine the validity of a conflicting claim which is adverse to his own claim.

APPEAL from a judgment of the Superior Court of Inyo County.    William D. Dehy, Judge.

The facts are stated in the opinion of the court.

Hunsaker & Britt, P. W. Forbes, and Andrew H. Rose, for Appellant.

Leslie R. Hewitt, City Attorney, John W. Shenk, City Attorney, Ben H. Yandell, and W. B. Matthews, for Respondents.

SHAW, J.—The court below sustained a general demurrer to the second amended complaint.    Plaintiff refused to amend further.    Thereupon judgment was given for defendants. Plaintiff appeals.

The first count of the complaint purports to allege a cause of action, under section 738 of the Code of Civil Procedure, to determine the alleged conflicting claims of the plaintiff and defendants, respectively, to the right to use the waters of Cottonwood Creek, in Inyo County, and to the right to divert such waters for use.    The complaint alleges that the city of Los Angeles has a prior right to divert and use 180 miner's inches of said waters.    The alleged conflicting claims do not relate to that water, but solely to the excess of the stream above that quantity.    It appears from the briefs that the demurrer to this count was sustained upon the theory that it does not show that the plaintiff owns or possesses any subsisting interest in, or right to, the water or the use thereof.    This constitutes the question to be determined.

The plaintiff claims its right under and by virtue of five notices of appropriation posted and recorded by George Chaffey, as provided in section 1416 of the Civil Code.    Plaintiff has succeeded to Chaffey's rights.    Two of the notices were

posted on June 24, 1905, the other three on July 31, 1905. The notices state, and the fact is, that the places of intended· diversion, and part of the route of the conduit to be constructed to convey it to the place of use, are and then were within the Sierra Forest Reserve of the United States. No diversion works or dams had been built or begun in pursuance of the notices, or either of them, at the time the action was commenced, which was on July 16, 1907. In excuse for this delay the plaintiff relies on the extensions of time to begin that work given by section 1422 of the Civil Code, and by the amendment of March 21, 1907, to said section 1416. The amendment took effect on May 20, 1907. (Stats. 1907, p. 780.)

Section 1416, as it stood prior to 1907, provides that a claimant must begin the diversion works within sixty days after the notice is posted and diligently pursue the same to completion. There are certain exceptions not necessary here to notice. By section 1419 a failure to comply with this requirement forfeits claimant's right, as against a subsequent claimant who does comply. Section 1422, in effect, is that if the fact is, and the notice so states, that the proposed place of diversion or any part of the diverting canal is within a forest reserve or other United States government reservation of public land, the claimant may commence the diversion works within sixty days after he shall have received a grant of license from the proper public officers to occupy and use such reserved lands for that purpose, provided that, within sixty days after the posting of the notice of appropriation, he shall have begun the necessary surveys required to precede the application for such license, and shall have diligently prosecuted such surveys to completion, and, upon such completion, shall have also applied to the proper officer for such license and prosecuted such application with reasonable diligence. Facts are alleged showing that the provisions of this section have been fully complied with, and that the applications for said licenses or grants of authority to occupy and use said reserved lands, are now being considered by the officers of the United States authorized to make such grants, but that they have not yet been determined, and, consequently, that plaintiff is unable to proceed with said diversion works.

The effect is that plaintiff is relieved from the requirement of sections 1416 and 1419 that such works must be commenced

within sixty days after the posting of the notices of appropriation in order to preserve the claimant's statutory rights under the notice. As to these claims, the time limited has been extended and has not yet expired. The plaintiff's rights to begin and complete the diversion works are the same as they would be if the original sixty days had not expired. His present right to maintain this action is also the same.

Respondents contend that this right is not a vested right, that it is not property, and that it cannot be protected against adverse claimants by a suit to determine conflicting claims. In this behalf they cite *Kelly* v. *Natoma Water Co.,* 6 Cal. 105; *Maeris* v. *Bicknell,* 7 Cal. 261, [68 Am. Dec. 257]; *Kimball* v. *Gearhart,* 12 Cal. 50; *Nevada etc. Co.* v. *Kidd,* 37 Cal. 309; and *Mitchell* v. *Amador etc. Co.,* 75 Cal. 482, [17 Pac. 246]. These cases all involve water-rights existing prior to the enactment of the code in 1872, prescribing a statutory mode of acquiring a right to the use of running water. They lay down the rule that a right to the use of running water does not vest in possession at common law, until there has been an actual diversion and beneficial use of the water. But they all recognize, and some of them declare, that, before any actual diversion or use of the water, a claimant may acquire an incipient, incomplete, and conditional right to the future use of the water, by beginning the construction of the works necessary for such diversion and use, and, in good faith, diligently prosecuting the same toward completion.

Thus, in *Nevada Co.* v. *Kidd,* 37 Cal. 310, referring to such an embryo claim to water and to a hostile use before its completion, the court says: "There is, in fact, as yet, no present water-right to be affected. The party has merely acquired the possession and site for his dam and canal, and a *right,* by diligently pursuing his object, *to acquire a future right* to the possession of the water, which, when acquired, shall, for the purposes of priority and of redressing any injuries that may thereafter accrue, date by relation from the first act in selecting the location and making the claim." (Italics ours.) Such claimant had no immediate right to the control or use of the water, because he was not yet ready to take it. And he had no right to damages from any one who used the water while he was making his dam and ditch. It does not follow, from this, that he had no right at

all. On the contrary, it was declared that as soon as he began work on his dam and ditch, with the avowed intent thereby to take and use the water, he acquired a prior right respecting the water. In *Maeris* v. *Bicknell*, 7 Cal 261, [68 Am. Dec. 257], the facts were that plaintiffs' grantors, not intending to use the water, but for the purpose of draining it away from their mining claims, had constructed a ditch which carried the water away, but they had made no actual use of it. Meantime, defendants diverted the water above plaintiffs' ditch and had used it. The court said: "Unless the grantors of plaintiff had constructed their ditch with the intention of using the water for mining or other useful purposes, or after its construction they had actually so applied it, the defendants could not know that they ever would so apply it, or intended so to apply it. If, at the time plaintiffs' ditch was made, *such intention had existed and been avowed*, and afterwards carried out in good faith within a reasonable time, considering all the circumstances, then defendants could not, by any act of theirs, rightfully appropriate any water in the ravine, necessary to fill the ditch of plaintiff." (Italics ours.) There is no case, arising prior to the enactment of the code, which holds that the party who thus in good faith began and diligently prosecuted the work on a dam and ditch for the diversion and use of water, could not protect his incipient right to the water, against the hostile diversions and claims of others, by an appropriate suit for that purpose. It is obvious that this could not be so. Such visible act and avowed intent gave him a conditional right to the future use of the water, prior to its actual use, the condition being that he should thereafter diligently continue the work to completion and then divert the water and apply it to a useful purpose, failing which his right would cease. Upon the performance of these conditions, his title to such use would become complete and perfect. In the mean time, however, he had an existing conditional right, manifested by actual visible possession of the works. It would be clearly a property right, and it being incidental and appurtenant to land, it was real property. (Civ. Code, sec. 658.)

The purpose of the code was to afford a more perfect protection for such rights and to facilitate the subsequent acquisition of the title to the use. Previously, the incomplete

right could be acquired only by some open, visible work to that end, upon the ground, accompanied by a declaration of the intent. Disputes would naturally arise as to priority between different diversions from the same stream at places far apart. The code endeavors to avoid this by providing for the posting of a notice at the proposed dam, and declaring that such notice secures a prior right, without any work, for the period of sixty days thereafter. (*Wells* v. *Mantes*, 99 Cal. 586, [34 Pac. 324].) Thus there is given that which it is said did not exist before (*Kelly* v. *Natoma Water Co.*, 6 Cal. 105), a constructive right to the use of the water, a right existing only by publicly declared intent, and which may be made a perfect and complete title, as against all except prior users and riparian owners, by beginning the work within sixty days, diligently prosecuting it to completion, and thereupon actually using the water. This incomplete right, although not as yet a title, is an interest in the realty. Under section 738 of the Code of Civil Procedure, the person who has an interest in real property may maintain an action to determine the validity of a conflicting claim which is adverse to his own claim. It follows that the first count states a cause of action and that the general demurrer thereto should have been overruled.

The objection to the second count is wholly technical and, as it may be obviated by amendment, it is not necessary to consider it.

The briefs discuss at length the effect of the amendment of 1907 to section 1416 of the Civil Code, and of an amendment of 1911 (Stats. 1911, p. 1419) to the same section. The latter omits the amendments of 1907, in effect repealing them. The amendment of 1907 purported to give one who had posted such notice, in a case where there were "conflicting claims to the waters so appropriated," a right to begin a suit to determine such claims within sixty days from the time of posting, and it extended the time for beginning the work to sixty days after final judgment in such suit, provided it was diligently prosecuted. A field of inquiry is thus presented upon which we will not enter. Does this apply to notices posted prior to the passage of the amendment? Does it apply where the so-called conflicting claim is a mere assertion, or must there be a physical exercise of the right claimed, and one of such a char-

acter that it actually prevents or interferes with the beginning of diversion works under the notice? And must all this be alleged? Does the repeal of these provisions, after this suit was begun, terminate the extension of time thereby granted? These are interesting questions, but as plaintiff's time appears to be still running by virtue of the extension provided in section 1422, which is not repealed, we deem it unnecessary to determine them.

The judgment is reversed.

Angellotti, J., Sloss, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.