[L. A. No. 2741. In Bank.—January 19, 1912.]

# C. HOWARD MERRITT, Appellant, v. CITY OF LOS ANGELES, Respondent.

APPEAL—RECORD—NOTICE OF APPEAL MUST BE INCLUDED IN EVERY RECORD.—Sections 951 and 952 of the Code of Civil Procedure apply to records on appeals prepared under sections 953a and 953c of that code, as in other cases, and a copy of the notice of appeal is a necessary part of every record on appeal and should be included in the transcript in all cases.

WATER—APPROPRIATION—LAPSE THROUGH FAILURE TO PROSECUTE WORK.—Under section 1419 of the Civil Code, the right of an appropriator of water, so far as subsequent *bona fide* claimants under valid notices of appropriation are concerned, lapses upon the expiration of sixty days after his notice of appropriation was posted, if in that interval he does nothing further in pursuance of his notice.

ID.—APPROPRIATION IN FOREST RESERVE—APPLICATION FOR PERMIT—EXTENSION OF TIME TO DO WORK—RIGHT TO WATER AN INTEREST IN LAND—QUIETING TITLE.—An appropriator of water, whose proposed diversion works would be within a forest reserve of the United States, who has, in conformity with the requirements of section 1422 of the Civil Code, as amended in 1903, within sixty days after the posting of his appropriation notice, had a survey and map made of the proposed route of his proposed ditch from the proposed dam to the proposed place of use, and has applied to the United States authorities for a permit to construct the same over the land in the forest reserve, and prosecuted his application with due diligence, acquires, while his application is pending and undetermined, an incomplete, incipient, conditional right in the water, which is a vested interest in real property, and which may be adjudged to be such in an action to determine conflicting claims thereto, under section 738 of the Code of Civil Procedure.

ID.—FORM OF JUDGMENT PROTECTING INCIPIENT RIGHT.—Such an appropriator has sufficient interest to entitle him to a judgment protecting that interest against all adverse claims which would be subordinate to his right, if he should comply with all the requirements of the statute and thereupon take the water and apply it to a useful purpose. Such judgment should not declare the plaintiff absolutely entitled to the water, nor enjoin the defendant from taking or using it during the intervening time prior to the completion of plaintiff's works to a stage which will enable him to divert and use it. It should only declare and describe the plaintiff's contingent right to use the water and enjoin adverse claims or uses injurious thereto. If the plaintiff's right shall have terminated at or before the time of trial, the judgment should be for the defendant.

APPEAL from a judgment of the Superior Court of Inyo County and from an order refusing a new trial. Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

W. P. Thompson, and W. J. Clark, for Appellant.

John W. Shenk, City Attorney, Ben J. Yandell, and W. B. Mathews, for Respondent.

SHAW, J.—The plaintiff sued for the purpose of obtaining an adjudication of the alleged conflicting claims of the plaintiff and defendant, respectively, to the use of the water of Haiwee Creek in Inyo County, and to enjoin the defendant from claiming or using the same and from interfering with plaintiff's use. The defendant in its answer alleged that it is the owner of the first and paramount right to take from said creek all the water flowing therein to the extent of three hundred inches constant flow, under a four-inch pressure. Upon the trial the evidence showed that the normal flow of the creek did not exceed seventy-five inches, although for about a month of each year while the mountain snows were melting, it far exceeded that quantity. The court found that the defendant is the owner of the right to take all the water therein to the extent of seventy-five inches and that the plaintiff owned no interest therein. There was no affirmative adjudication of the defendant's title. The judgment merely declares that the plaintiff shall take nothing by his action and that defendant recover of him its costs.

The record on appeal appears to have been prepared in the manner provided in sections 953a and 953c of the Code of Civil Procedure. It contains no copy of the notice of appeal. In the brief for plaintiff, counsel say that appeals were taken from the judgment and from an order denying a new trial. This statement is not questioned by counsel for defendant and no motion to dismiss the appeals has been made. Consequently, we ignore the objection and assume that the appeals were properly taken and that we have jurisdiction accordingly. Inasmuch as there has recently been on the part of many members of the profession who have chosen this mode of presenting the record, neglect in observing the requirements

of the statute availed of, we take this occasion to state that sections 951 and 952 obviously apply to records prepared under sections 953a and 953c, as in other cases, and that a copy of the notice of appeal is a necessary part of every record on appeal and should be included in the transcript in all cases.

The plaintiff on July 18, 1905, filed in the United States land-office a declaratory statement under the Desert Land Act to obtain patent for a half section of land situated several miles distant from the place of diversion of the water in question. On July 20, 1905, he posted a notice of appropriation on Haiwee Creek claiming five hundred miner's inches of the water for use on said land. Nothing further was done in pursuance of this notice and, under section 1419 of the Civil Code, it lapsed after sixty days, so far as subsequent *bona fide* claimants under valid notices were concerned. The lack of diligence was so great that the court below was justified in holding, as the findings imply, that no rights ever accrued under this notice. (*Senior* v. *Anderson,* 115 Cal. 504, [47 Pac. 454].)

On September 20, 1906, plaintiff posted at the same place another notice of appropriation of the same quantity of water from said creek for the same purpose. No work was ever done under this notice. The notice showed that the place of diversion was upon public land within a forest-reservation of the United States. Section 1422 of the Civil Code, as amended in 1903, provides that a person appropriating water upon such land shall begin his diversion works within sixty days after he shall have received permission to do so from the United States, provided that within sixty days after posting his notice of appropriation he must in good faith begin the surveys and other work necessary for use with his application for such permission and diligently prosecute the same to completion, and must, on completion of that work, in good faith apply for such permission and diligently prosecute such application. There was no proof of any survey or other work in compliance with this section. Some vague testimony of the making of a survey was introduced, but the date thereof was not stated. The claim under this notice appears to have been abandoned. At all events the court was justified in so finding.

Another notice of appropriation was posted on February

10, 1908. Nothing appears to have been done in pursuance of it, and this claim also must be deemed to have been abandoned.

On June 14, 1908, plaintiff posted at the same place another notice of appropriation of one hundred inches of water of said creek for use on the same land. The notice states that the proposed dam and ditch would be within the Sierra National Forest, a forest reservation of the United States. Within sixty days after the posting of this notice plaintiff had a survey and map made of the route of the proposed ditch from the proposed dam to the proposed place of use, to be used in applying for a permit from the United States to construct the same over the land in the forest reserve. The survey was completed on July 23, 1908. On August 10, 1908, plaintiff filed his application to the United States authorities for permission to build the proposed dam and ditch or pipe-line. This application was still pending and undetermined at the time of the trial. It appears to be conceded by defendant's counsel that it was made in good faith and that the survey was made and the application prosecuted with the reasonable diligence required by section 1422 of the Civil Code.

Defendant attempts to support the judgment solely on the ground that one who has posted a notice of appropriation of water from a running stream, under the provisions of the Civil Code, sections 1410 to 1422, has no vested estate, right, or interest in the water, present or future, until he has actually diverted and used the water in pursuance of his notice, and that in the mean time he has no standing in court to ask for protection of the right to use the water, which he expects to have upon the completion of the work necessary for that purpose, against hostile claims or diversions which may ripen into a prescriptive right by continuous use, and no right to invoke the aid of the courts to determine and adjudge whether or not a hostile diversion is in fact prior or paramount to his own. In the case entitled *Inyo Consolidated Water Co.* v. *Jess,* 161 Cal. 516, [119 Pac. 934], we had occasion to consider this proposition; made there also on behalf of the city of Los Angeles. The briefs were substantially the same as those on file in the present case. It was there decided that such a claimant to the use of water has an incomplete, incipient, conditional right in the water, which is a vested interest in the

real property, and which may be adjudged to be such in an action to determine conflicting claims under section 738 of the Code of Civil Procedure. Upon the authority of that decision we hold that the plaintiff showed sufficient interest to entitle him to a judgment of the court protecting that interest against all adverse claims which would be subordinate to plaintiff's right if he should comply with all the requirements of the statute and thereupon take the water and apply it to a useful purpose. Such judgment, of course, should not declare the plaintiff absolutely entitled to the water, nor enjoin the defendant from taking or using it during the intervening time prior to the completion of plaintiff's works to a stage which will enable him to divert and use it. It should only declare and describe the plaintiff's contingent right to use the water and enjoin adverse claims or uses injurious thereto. If the plaintiff's right shall have terminated at or before the time of trial, the judgment should be for the defendant. If the defendant's right is paramount, but does not include all the waters of the stream, the judgment may so declare and fix the plaintiff's contingent right in the surplus at such time as there is an excess over defendant's use. We think the court below erred in refusing relief to the plaintiff. The judgment and order are reversed.

Angellotti, J., Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.

Rehearing denied.