[Sac. No. 4768.   In Bank.—September 27, 1933.]

SIERRA LAND AND WATER COMPANY (a Corporation), Appellant, v. CAIN IRRIGATION COMPANY (a Corporation) et al., Respondents.

Wm. B. Ogden, Ogden, Steelman & Crocker and Arthur A. Weber for Appellant.

Henry W. Coil, Newman Jones, Harold M. Hammack, D. L. King, Erwin P. Werner and Ray L. Chesebro, City Attorneys, Loren A. Butts and J. M. Stevens, Assistant City

Attorneys, W. B. Mathews, Kenneth K. Scott, Carl A. Davis and F. M. Bottorff, Deputies City Attorney, and T. B. Cosgrove for Respondents.

PRESTON, J.—Plaintiff, a public utility corporation, by an original, an amended and an amendment to the amended complaint, essays to put in issue as against the claims of defendants its priority to an appropriative right in 75,000 miner's inches of the waters of Rush Creek in Mono County. The complaint is in two counts. The first is an attempt to show a compliance with section 1410 et seq. of the Civil Code, by setting forth in detail the facts upon which it relies; the second is an attempt to plead the ultimate fact of ownership of such prior right.

The court below, having sustained demurrers to said complaint as amended, without leave to amend, gave judgment for defendants. Plaintiff has appealed, supporting its appeal by the judgment-roll and a bill of exceptions. The effort of plaintiff in its first count is to come within the rule announced in the cases of *Inyo Cons. Water Co.* v. *Jess,* 161 Cal. 516 [119 Pac. 934]; *Merritt* v. *City of Los Angeles,* 162 Cal. 47 [120 Pac. 1064].

We have carefully considered the record and the voluminous briefs on file. We agree with the court below that plaintiff has not stated a cause of action and that insurmountable difficulties bar the right of relief. The fact is that plaintiff as a matter of law has been guilty of inexcusable neglect and lack of diligence, as will be demonstrated by the following statement of the cause:

Plaintiff initiated its claim to these waters by a notice of appropriation posted and filed April 6, 1914. The point of intended diversion on the east bank of the stream was named. The complaint alleges that this point was at the headgate of the Rush Creek Mutual Ditch Company, and that plaintiff, within sixty days after posting said notice, made a contract with the ditch company to use its headgate, ditch and rights of way as a part of its plan to divert said water and convey it to the place of intended use.

The complaint then alleges that certain predecessors in interest of defendants began a suit in Mono County and secured a temporary injunction enjoining plaintiff, and said ditch company as well, from using these diversion

works; that following this the defendant Cain Irrigation Company destroyed said headgate, built obstructions across the ditch and ousted plaintiff from its possession of the diversion works. The date of this injunction is not given but presumably it followed on the heels of said notice of appropriation. It is further alleged that the injunction is still in force. In other words, for some eighteen years or more the injunction has remained and still remains, precluding plaintiff from use of the stream. It is nowhere alleged that the injunction is invalid or that efforts have been made or will be made to remove it or that the ditch company had any right of access to the stream or that, if it had such right, the right still obtains. The action of plaintiff with respect to this injunction shows conclusively that due diligence on its part is now and for years has been lacking. Indeed, its conduct with respect to the present action confirms this view. The complaint herein was filed in April, 1924; summons did not issue until March, 1927, and judgment of dismissal was entered on July 1, 1931.

Diligence is of the essence of priority under the abovementioned sections of the code. This lack of diligence is not excused by the fact that plaintiff lodged, in 1921, an application under the State Water Commission Act for permission to divert water at a point some four miles upstream from the point here in question and to store same in aid of its purpose to procure water for sale and distribution as a public utility and that such application is still pending or that, in further aid of this latter application, a right of way is being sought over the national forest reserve, which application is likewise pending. Neither is this lack of diligence overcome by the proffered amendment to the complaint to the effect that continuously since the injunction above mentioned plaintiff has elsewhere been diligently engaged in constructing ditches which could be used as a part of the diversion system it seeks to establish by the present action. In other words, no amount of diligence elsewhere will overcome the submission, without complaint, to said injunction for a period of now nearly twenty years. A suit after the lifting of the injunction, alleging continuous and unrelenting efforts to get it dissolved, would come with better grace than this action.

■ The second cause of action is likewise without substance and is of itself some evidence of the nebulous character of plaintiff's claim. It merely alleges the right of plaintiff as follows: "That plaintiff is the lawful owner of the prior usufructuary right to the waters of that certain stream and its branches and tributaries situate, lying and being in the county of Mono, state of California, and more particularly known and described as Rush Creek, to the extent of 75,000 miner's inches measured under a four-inch pressure, save and except that as alleged in paragraph VIII of plaintiff's first cause of action, which said paragraph is hereby repeated by reference."

■ A water right cannot exist without imposing a servitude at some fixed point upon riparian land. An undefined floating water right could not be made the subject of a binding decree of court. Moreover, the right here attempted to be stated is evidently the same as that attempted in detail in the first cause of action.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.