[Civ. No. 8132.   Third Dist.   Sept. 1, 1953.]

ADELE KRUPP et al., Appellants, v. WILLIAM W. MULLEN et al., Respondents.

Barr & Hammond for Appellants.

Mark M. Brawman for Respondents.

PEEK, J.—This is an appeal by plaintiffs from a summary judgment in favor of defendants.

The record shows that two days after the expiration of the term set forth in a written agreement between the parties, plaintiffs filed a complaint by which they sought to compel defendants to perform said agreement. By the terms thereof defendants agreed to sell and plaintiffs agreed to buy certain unpatented land located in Siskiyou county for the sum of $2,500; of this sum $500 was to be paid upon the execution of the agreement and the balance upon the execution of the deed. It was further provided that if a patent was not granted within 18 months, or if at any time during that period it was refused, the $500 was to be refunded. Time was not declared to be of the essence and no provision was made as to possession in the interim between the making of the contract and the transfer of the deed. Subsequently two amended complaints were filed, the third and last, which is the one now before this court, being filed approximately 14 months after the proceedings were commenced. The allegations of the complaint were that in accordance with said agreement plaintiffs paid to defendants the sum of $500 and thereafter performed

all of the conditions on their part; that they demanded of defendants the delivery of the deed to the property but that defendants refused. They also alleged that prior to the expiration date of said agreement they orally stated to defendants that they would accept a deed without first having the property patented. The reasonable value of the property was alleged to be the sum of $2,500. In a second count they alternatively prayed for damages for the alleged breach if performance could not be had. Defendants' answer denied the material allegations of the complaint; that $2,500 was the fair and reasonable value at the time the contract was made, and further alleged that at the time of the filing of the action the value of the property was the sum of $8,500.

On the same day their answer was filed the defendants filed a notice of motion for summary judgment supported by the affidavit of the defendant William W. Mullen, who therein averred that on the day following the execution of the agreement their house was destroyed by fire; that the construction of a new home was started immediately thereafter; that for one day plaintiff Fred Krupp assisted in the building thereof; that the cost of the home was approximately $6,000; that both of the plaintiffs observed the construction of the home almost daily; that plaintiffs stated to defendants they were tired of waiting to complete the purchase and had bought another piece of land upon which they had begun construction of a house which construction continued until the filing of the present action when it was stopped; that plaintiffs visited defendants in their new home on a date prior to the expiration of the 18-month term and asked defendants how they (plaintiffs) stood on the agreement; that they were informed by defendants that it could be renewed provided the cost of the new house was added to the original purchase price, making a total of $8,500, and that plaintiffs made no reply thereto but later instituted this proceeding. The affidavit further averred that Mullen was present during the course of the taking of the deposition of plaintiff Fred Krupp who, on that occasion, stated that at no time had he waived the requirement of a patent until the allegation of waiver was made in his complaint; that he had not offered to pay the purchase price nor demand a deed prior to the filing of the complaint and that he believed the value of the property to be in excess of $2,500. Mullen also averred that Mrs. Adele Krupp had made like statements in her deposition.

A counteraffidavit was filed by Adele Krupp wherein she

merely stated that on many instances before the action was begun plaintiffs had talked with defendants concerning the patent and had been told that the reason it was not issued was because a survey and maps had not been filed. There was a further averment that plaintiffs had requested a renewal of the agreement, relying upon the statements of defendants that the application for patent had not yet been filed. The balance of the contents of the affidavit was clearly hearsay and hence of no value. Thereafter plaintiffs filed their notice of motion for leave to file a fourth amended complaint, which motion was supported by the affidavit of their counsel. No purpose would be served in summarizing the averments therein set forth since all were based upon hearsay, and hence, as to which said counsel was not a competent witness, his affidavit must be disregarded.

The motion for leave to file the fourth amended complaint was heard on March 12, 1951, and was denied. Immediately thereafter defendants' motion for summary judgment was heard and submitted and on March 27, 1951, the same was granted.

It is evident from the memorandum opinion of the trial court that its order granting defendants' motion was predicated first upon the time element as set forth in the agreement, and secondly upon the element of estoppel. As to the latter the court specifically stated: ''I believe that Vol. 174 A.L.R 713 states the true rule as follows: 'a purchaser under a contract for purchase of land, who has led the vendor to believe the contract has been abandoned is estopped from obtaining specific performance after the vendor, in reliance upon the abandonment, has made valuable improvements on the property.' This is the exact situation set forth here in defendants' affidavits, which are not denied.''

Although the situation presented by defendants' affidavit in support of the motion likewise is predicated on the issue of estoppel in pais, that defense was not pleaded nor was there any request to amend the answer so to plead.

As stated in 10 California Jurisprudence, section 30, page 654: ''. . . it may now be regarded as firmly settled that, as a general rule, a party who has an opportunity to plead an estoppel upon which his cause of action or defense depends must do so.'' The affidavits in support of a motion for summary judgment do not constitute a second set of pleadings. ''Their purpose is only to show whether the issues apparently made by the formal pleadings are genuine''

(*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 752 [68 P.2d 322]), and if either party has competent evidence to offer which would tend to support his side of the issues. ■ However, as the court stated at page 753 of the case last cited, "If either party finds, on the hearing of such a motion, that his pleading is not adequate, either by way of allegation or denial, the court may and should permit him to amend; but in the absence of some request for amendment there is no occasion to inquire about possible issues not raised by the pleadings." Therefore when the motion for summary judgment was presented to the trial court for consideration, the question, if any, of estoppel stood as waived by defendants.

We find nothing in the remaining portions of defendants' affidavits which would make out a defense on the merits. ■ Thus in regard to the first point made by the court: if defendants' averments that the plaintiffs' promise to buy the property expired two days before the action was begun is intended as an allegation that the contract was automatically at an end on that day, it is of no force, since it is a pure conclusion of law and not such a statement of fact as is required by section 437(c) of the Code of Civil Procedure. Defendants in their affidavit admit that plaintiffs made demands for a patent. ■ Furthermore the plaintiffs alleged payment of the sum of $500 in accordance with the agreement; that they demanded delivery of the deed to the property but that defendants refused, and that in all other respects they had performed all of the conditions on their part to be performed. Such allegations of performance of all of the conditions precedent as set forth in the agreement were sufficient under the provisions of section 457 of the Code of Civil Procedure. (See, also, *Gilfallan* v. *Gilfallan*, 168 Cal. 23, 32 [141 P. 623, Ann.Cas. 1915D 784].)

■ Lastly it should be noted that the provision of the agreement relative to the procurement of a patent by defendants may well present a question of fact for determination. Hence defendants' motion is also subject to the established rule that when the meaning of the language used in a contract is uncertain or doubtful and parol evidence must be introduced in aid of its interpretation, the question of its meaning is one of fact. (*Walsh* v. *Walsh*, 18 Cal.2d 439, 444 [116 P.2d 62].)

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.