[Civ. No. 16301. First Dist., Div. Two. May 13, 1955.]

ERVIN S. BEST et al., Respondents, v. MARBLE E. BURCH, Appellant.

*Assigned by Chairman of Judicial Council.

Cresswell & Davis for Appellant.

Ervin S. Best and Charles Baer, in pro. per., for Respondents.

KAUFMAN, J.—This is an appeal from a summary judgment entered in favor of plaintiffs and respondents on March 5, 1951, decreeing that plaintiffs recover from defendant the sum of $985.05 and costs.

Plaintiffs and respondents Ervin S. Best and Charles Baer, attorneys, instituted suit in the municipal court against Marble E. Burch for recovery of the balance due on a promissory note which had been executed in payment for legal services rendered to appellant by respondents. Defendant by his verified answer admitted execution and delivery of the note.

Appellant filed an answer, counterclaims and cross-complaint seeking recovery of sums in excess of the jurisdiction of the municipal court, which resulted in the transfer of the case to the superior court.

A hearing was held on respondents' demurrer to the answer and cross-complaint, and on December 9, 1953, a minute order was made granting the motion to strike as to certain paragraphs of the answer, sustaining the demurrer to the third defense with 10 days to amend, to the fourth defense without leave to amend. The demurrer to the cross-complaint was overruled. On December 21, 1953, appellant filed a motion for a change of venue asking that the case be transferred to the Superior Court of Trinity County, which motion was denied on December 29, 1953. To the first amended answer, counterclaim and cross-complaint respondents filed a motion to strike and a demurrer. On January 25, 1954, the court granted the motion to strike out certain paragraphs of the first amended answer and the entire cross-complaint. Demurrer to the third answer and counterclaim was sustained with 10 days to amend. Appellant failed to amend his third answer.

On February 17, 1954, respondents filed their notice of motion for summary judgment supported by affidavit. Appellant filed no affidavit in opposition to said motion and made no appearance in connection therewith. The motion was therefore granted after a hearing at which respondents argued in propria persona.

Appellant contends on this appeal that the court erred in refusing to grant his motion for change of venue. The appeal herein is solely from the summary judgment. No ap-

peal was taken from the order denying a change of venue. Section 963, subdivision 2, Code of Civil Procedure, makes this an appealable order. Such order is therefore not reviewable on an appeal from the judgment. (Code Civ. Proc., § 956; *Chard* v. *O'Connell*, 48 Cal.App.2d 475, 476 [120 P.2d 125].)

The remainder of appellant's brief is devoted to arguments that the court committed error in striking certain paragraphs of the second answer and defense and the first amended answer, counterclaims and cross-complaint, as well as in sustaining the general demurrer to appellant's third answer in the first amended answer. These questions likewise, are not reviewable on this appeal. It is well settled in this state that any question regarding the sufficiency of the pleadings cannot be reviewed on an appeal from a summary judgment. It is said in *Kelly* v. *Liddicoat*, 35 Cal.App.2d 559 [96 P.2d 186], a case in which this subject is exhaustively considered, that "Ordinarily the only question presented upon an appeal from a summary judgment under section 437c is whether or not the trial court abused its discretion." In that case appellants, as here, attacked the judgment on the ground that the trial court erred in sustaining a demurrer to their third amended answer. The court points out that the purpose of section 437c is to eliminate all issues which have no basis in fact irrespective of how well they may be pleaded. Therefore an answer may be stricken out although it states a perfect defense if defendant does not by his affidavits show facts to substantiate such defense.

In *Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244], it is said that a summary judgment for a plaintiff is "proper only if the affidavits in support of his motion state facts that, if proved, would be sufficient to sustain judgment in his favor, and defendant does not 'by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.'"

The statutory affidavit in support of the motion for summary judgment in the case herein is made by Ervin S. Best, one of the respondents, who states that he is one of the plaintiffs in the action and that all the facts set forth in this affidavit are within his personal knowledge, and that if sworn as a witness he can testify competently thereto. He then relates "That on the 2nd day of November, 1951, the defendant, Marble E. Burch, made, executed and delivered to plaintiffs his promissory note in the principal sum of $1,400,

which said note was given in lieu of a balance due plaintiffs for professional services rendered and which said note is set out in full in plaintiff's complaint as follows." (Here follows the text of the promissory note signed by Burch.) "That there has been credited upon said note the sum of Four Hundred Fourteen and 95/100 ($414.95) Dollars, leaving an unpaid balance of Nine Hundred Eighty-five and 05/100 ($985.05) Dollars which is now due, owing and unpaid thereon." The affidavit then discusses defendant's pleadings, and asserts that there is no triable issue of fact and that the answer is frivolous and sham.

Appellant claims that the note sued on was presumptively invalid. If this be true, it would be a matter of defense to the motion for summary judgment which appellant should have set forth in a counteraffidavit. ▮ Respondents in their affidavit were not required to negative a possible matter of defense. (*Patterson* v. *Davis,* 121 Cal.App.2d 152, 159 [262 P.2d 601]; *Estate of Mallory,* 99 Cal.App. 96, 102 [278 P. 488]; *Donze* v. *Donze,* 88 Cal.App. 769, 774 [264 P. 294].)

▮ The affidavit in support of the motion states a cause of action for the balance due on the promissory note which is still due, owing and unpaid. These allegations if proved would support a judgment in favor of respondents. Here, as in *Coyne* v. *Krempels, supra,* "since defendant did not controvert them by counteraffidavit, no triable issue of fact was presented and the summary judgment was proper."

In view of the foregoing the judgment finds ample support in the record before us and accordingly it must be affirmed.

Judgment affirmed.

Nourse, P. J., and Draper, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.