[Civ. No. 24390. Second Dist., Div. Two. Apr. 27, 1960.]

LOUIS H. HOUSE et al., Respondents, v. JEROME J. LALA et al., Appellants.

*Assigned by Chairman of Judicial Council.

Barry Sullivan for Appellants.

Hal L. Coskey for Respondents.

RICHARDS, J. pro tem.*—Defendants Jerome J. Lala and Rose Lala appeal from a summary judgment in favor of the plaintiffs in an action for the specific performance of a real estate sales agreement wherein the plaintiffs are the buyers and the said defendants are the sellers.

The complaint is in the usual form for specific performance. The appealing defendants denied all of the material allegations of the complaint, and, as an affirmative defense, alleged a subsequent written agreement terminating the plaintiffs' rights as purchasers.

Plaintiffs thereafter moved for a summary judgment based upon the affidavits of plaintiff Louis H. House and his attorney. Counteraffidavits were filed by the defendant Jerome J. Lala and his attorney. The motion for summary judgment in favor of plaintiffs was granted and judgment followed.

Motion for summary judgment is provided for in Code of Civil Procedure, section 437c. Where the motion is made by the plaintiff, the section provides that the supporting affidavit or affidavits, "must contain facts sufficient to entitle plaintiff . . . to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto."

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact." (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264].) Any doubt in granting a summary judgment should be exercised against the moving party. (*Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal. App.2d 344, 348 [333 P.2d 142]; *Whaley* v. *Fowler,* 152 Cal.App.2d 379, 381 [313 P.2d 97]; *Travelers Indem. Co.* v. *McIntosh,* 112 Cal.App.2d 177, 182 [245 P.2d 1065].)

*Assigned by Chairman of Judicial Council.

In order to prevail, the plaintiff's affidavits must state facts establishing every element necessary to sustain a judgment in his favor. (*Family Service Agency of Santa Barbara* v. *Ames, supra,* p. 348; *Murphy* v. *Kelly,* 137 Cal. App.2d 21, 31 [289 P.2d 565]; *Kimber* v. *Jones,* 122 Cal. App.2d 914, 919 [265 P.2d 922].) To satisfy the statutory requirement of "particularity," the movant's affidavits must state all the requisite evidentiary facts and not merely the ultimate facts. (*Southern Pacific Co.* v. *Fish,* 166 Cal. App.2d 353, 362 [333 P.2d 133]; *Murphy* v. *Kelly,* 137 Cal. App.2d 21, 30-31 [289 P.2d 565].) Moreover, neither conclusions of law nor conclusions of fact are sufficient to satisfy the statutory requirement. (*Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322].)

Affidavits filed on behalf of the moving parties are to be strictly construed and those of his adversary are to be liberally construed. (*McHugh* v. *Howard,* 165 Cal.App.2d 169, 174 [331 P.2d 674]; *Travelers Indem. Co.* v. *McIntosh, supra,* page 182.) Not only must it appear that the averments in the affidavit are "within the personal knowledge of the affiant" (Code Civ. Proc., § 437c), thus not hearsay (*Gardenswartz* v. *Equitable etc. Soc., supra,* p. 750), but, equally important, it must affirmatively appear from the affidavit that affiant "can testify competently thereto" (Code Civ. Proc., § 437c). See *Southern Pacific Co.* v. *Fish, supra,* page 362.

Whereas the court may accept as true the evidentiary facts averred by an affiant competent to testify in the absence of counteraffidavits (*Southern Pacific Co.* v. *Fish, supra,* page 360; *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464]), nevertheless the absence of counteraffidavits does not relieve a moving party plaintiff from the burden of establishing the evidentiary facts of every element necessary to entitle him to the judgment. (*Southern Pacific Co.* v. *Fish, supra,* p. 366; *Gardenswartz* v. *Equitable etc. Soc., supra,* p. 751.) Finally, as it has been repeatedly held, a motion for a summary judgment is not a trial on the merits, its sole purpose is to determine from the affidavits whether there is an issue of fact to be tried. (*Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62]; *Eagle Oil & Refining Co.* v. *Prentice, supra,* p. 555; *Whaley* v. *Fowler, supra,* p. 381.)

We now turn to the affidavits of the moving party, having in mind that the motion sought a summary judgment in an

action for specific performance of a purported written agreement to buy and sell real property wherein the moving parties were the buyers.

The affidavit of Louis H. House, one of the plaintiffs, avers that on February 27, 1955, he and his wife "entered into an agreement in writing" with the defendants Lala for the sale of certain premises described in "Paragraph III of the Complaint," and that a copy of the agreement is attached to the complaint as "Exhibit A" and made a part of his affidavit by reference. The exhibit referred to is a standard form of broker's receipt acknowledging deposit of fifty dollars "to apply on the purchase price of $10,800.00" for a lot described as: "In the county of Los Angeles, State of California, also known as 10226 Regent Street," subject to certain taxes and other matters. The document goes on to provide for a "purchase price trust deed for $6800.00 approx"; a "Second Trust Deed of $1500.00" and that "[b]uyer will deposit an additional $2450.00 and his necessary instruments in escrow" with a named bank "within —— days." The receipt contains other matters not necessary to set forth.

The affidavit then alleges that on or about March 1, 1955, an escrow was opened at a certain bank; that a copy of the escrow instructions was attached to the complaint and is incorporated in his affidavit by reference. An examination of said exhibit attached to the complaint in the clerk's transcript fails to reveal that either of the proposed buyers, the plaintiffs herein, signed said instruction, and we have looked in vain for any statement in the affidavits filed in support of the motion that either of the plaintiffs signed the escrow instructions. ▆▆▆▆ To create an escrow requires the agreement of the grantor and the grantee to all of the terms of the instructions, and the acceptance by a third party of the position of a depositary (*Security-First Nat. Bank* v. *Clark,* 8 Cal.App 2d 709, 712 [48 P.2d 167]), and "[i]t is equally well established in this state that before a proposed escrow may have any validity there must be a binding contract in existence between the parties to such escrow." (*Elliott* v. *Title Insurance & Trust Co.,* 64 Cal.App. 508, 511 [222 P. 175].) ▆▆▆▆ Thus, it appears that plaintiffs have failed to establish that either of them became a party to any escrow agreement. Hence, the so-called escrow instructions do not either cure any uncertainties or deficiencies in the so-called agreement of February 27, 1955, nor constitute a contract itself specifically

enforceable. This conclusion obliges us, for the purpose of this review, to look only at the purported written agreement of February 27, 1955, to discover if it is sufficiently definite and certain to be susceptible of specific performance.

As we have noted, the document provides for a purchase price trust deed for $6,800 and for a second trust deed of $1,500 without any provision as to the rate of interest; the time of maturity or the terms of payment. Uncertainty as to the terms and conditions of deferred payments or the terms of the incumbrances representing such deferred balances, including the absence of provisions as to the rate of interest, the length of time it is to run, and the terms of payment, are fatal to a claim for specific performance. (*Roven* v. *Miller*, 168 Cal. App.2d 391, 398 [335 P.2d 1035]; *Gould* v. *Callan*, 127 Cal. App.2d 1, 4-5 [273 P.2d 93].) Thus, it is clear that for the purpose of this proceeding the plaintiffs have failed to establish a definite, certain and complete contract which is a prerequisite to a judgment for specific performance.

Fundamental to a decree of specific performance is proof that as to the party against whom performance is sought, the consideration is adequate and the contract is just and reasonable. (Civ. Code, § 3391, subds. 1 and 2; *Lamb* v. *California Water & Tel. Co.*, 21 Cal.2d 33, 44 [129 P.2d 371].) The only averment in the affidavits of the moving party as to this essential element is the allegation in the affidavit of plaintiff Louis H. House as follows: "My wife and I have lived in the premises which we are attempting to purchase since April of 1955, and are familiar with the values of property in the area. The purchase price of $10,800.00 was a fair and adequate price to be paid for said property at the time that the contract of sale and purchase was entered into."

*Cushing* v. *Levi*, 117 Cal.App. 94, at page 101 [3 P.2d 958] says: "'Adequate consideration,' as used in section 3391, subdivision 1, of the Civil Code, does not necessarily mean the highest price obtainable, but a price that is fair and reasonable under all the circumstances; it is always peculiarly a question of fact for the trial court to determine, in the light of all the facts and circumstances of each particular case." As indicated, none "of the facts and circumstances of [the] particular case" were before the court by affidavit so as to enable the court to determine if the consideration was adequate other than the averment of plaintiff House, a nonexpert on real estate values from aught that appears in

his affidavit, that he was familiar with property values in the neighborhood. His statement that $10,800 was a fair and adequate price is obviously nothing but his conclusion and is not even an allegation of his opinion of the market value of the subject property. Patently, plaintiffs have failed by affidavit to establish the adequacy of consideration and fairness of the agreement, essential to a decree of specific performance.

Not only have plaintiffs failed by their affidavits to establish certain of the elements necessary to sustain a decree of specific performance, but it is clear from their own affidavits that there are issues of fact to be tried.

 Another reason requiring reversal is that the defendants' counteraffidavits establish the issue of contract termination which is alleged as an affirmative defense in the answer. It appears from the defendants' affidavits that the property was subject to certain liens and that the plaintiffs and defendants Lala entered into a supplemental agreement whereby the Lalas agreed to attempt to clear the liens and that if they were not successful, the Houses agreed to vacate the property on 60 days' notice. The defendants' affidavits allege the failure to clear the liens and the giving of the notice to vacate. This is not controverted by the plaintiffs, and respondents' brief admits that the liens were never cleared "but that plaintiffs still desire to purchase the property." We are not concerned whether the affirmative defense can be sustained in a trial on the merits, but are satisfied that the defendants' affidavits sufficiently raise this issue which precludes the granting of a motion for summary judgment in favor of plaintiffs.

 In view of the disposition to be made of this appeal, only one other point raised by appellants requires consideration, and that is the defendants' contention that the complaint does not state a cause of action. The answer is that the sufficiency of the pleadings cannot be reviewed on an appeal from a summary judgment. (*Best* v. *Burch,* 132 Cal.App.2d 859, 861 [283 P.2d 262].)

The judgment is reversed and the cause is remanded for further proceedings.

Fox, P. J., and Ashburn, J., concurred.