[Civ. No. 25332.   Second Dist., Div. Two.   Aug. 15, 1961.]

NICHOLAS RODES, Respondent, v. IRENE SHANNON, Appellant.

Rager & Olio for Appellant.

Fainer & Steele for Respondent.

ASHBURN, J.—Defendant appeals from a summary judgment decreeing specific performance of a contract to convey real property. Appellant contends (1) that the court was without jurisdiction to grant a summary judgment when a demurrer was pending; (2) that the pleadings are insufficient to support a judgment for specific performance; (3) that appellant did not receive proper notice of the date to which the hearing was continued; and (4) that the affidavits are insufficient to entitle plaintiff to a decree of specific performance.

On May 9, 1958, the complaint was filed in which it is alleged that plaintiff's assignor, Blanche Nelson, and defendant, on or about March 6, 1958, entered into a written contract whereby plaintiff's assignor agreed to purchase, and defendant agreed to sell, at a purchase price of $2,400, certain real property in the county of Los Angeles, therein particularly described; that said assignor had fully performed her part of the contract; that "the reasonable value of the premises aforesaid, is the sum of $300.00 per month"; that Blanche Nelson has duly assigned her claim against defendant. The prayer is for specific performance. No averment as to the value of the premises (except the rental value) or as to adequacy of consideration is made, and no showing, even by way of conclusion, that the contract is fair, just and equitable.

Plaintiff, on July 29, 1960, filed a motion to strike answer and for a summary judgment pursuant to Code of Civil Procedure section 437c, the hearing being noticed for August 15. The motion was supported by the affidavit of plaintiff which merely restates the allegations of the complaint and contains no evidentiary matter. Defendant's counsel filed points and authorities in opposition to the motion, citing 45 California Jurisprudence 2d 351-353, for the general proposition that in an action for specific performance of a contract the complaint must allege facts showing that the contract is fair, the consideration adequate, and that it would not be inequitable to enforce it. It is also asserted that "In our Answer we have filed, in Paragraph IV thereof, a General Demurrer."

In support of plaintiff's motion an additional affidavit was filed on August 22. It was made by Blanche Nelson. She asserts that she is the assignor of plaintiff in the within action;

alleges, as in the complaint, the making of the written contract, the payment by her of the sum of $2,400 into escrow and full performance on her part; that "said consideration was full, adequate, fair, just and equitable under the circumstances. That said real property was of questionable immediate value and was being purchased by affiant for the purpose of a long range investment. . . .''

The trial court, on August 25, denied plaintiff's motion to strike the answer, and granted the summary judgment for specific performance, directing defendant to "execute any and all necessary papers and documents to perform the written contract,'' and to deliver same to plaintiff within 30 days.

■ Appellant's argument that the pleadings are insufficient to support a judgment for specific performance cannot be sustained. Although the complaint contains no allegations as to the adequacy of the consideration or that the contract is just and reasonable, which allegations are necessary to statement of a cause of action for specific performance which will withstand a general demurrer (*Joyce* v. *Tomasini,* 168 Cal. 234, 237 [142 P. 67] ; *Eichholtz* v. *Nicoll,* 66 Cal.App. 2d 67, 69 [151 P.2d 664] ; *Mayer* v. *Beondo,* 83 Cal.App.2d 665, 667-668 [187 P.2d 327, 190 P.2d 23] ; *Mackay* v. *Whitaker,* 116 Cal.App.2d 504, 509 [253 P.2d 1021]), this defect in the pleading does not control the ruling upon a motion for summary judgment. In *House* v. *Lala,* 180 Cal.App.2d 412, 419 [4 Cal.Rptr. 366], we said: "In view of the disposition to be made of this appeal, only one other point raised by appellants requires consideration, and that is the defendants' contention that the complaint does not state a cause of action. The answer is that the sufficiency of the pleadings cannot be reviewed on an appeal from a summary judgment. (*Best* v. *Burch,* 132 Cal.App.2d 859, 861 [283 P.2d 262].)'' To the same effect is *Best* v. *Burch,* 132 Cal.App.2d 859, wherein the court said, at page 861 [283 P.2d 262] : "The remainder of appellant's brief is devoted to arguments that the court committed error in striking certain paragraphs of the second answer and defense and the first amended answer, counterclaims and cross-complaint, as well as in sustaining the general demurrer to appellant's third answer in the first amended answer. These questions likewise, are not reviewable on this appeal. It is well settled in this state that any question regarding the sufficiency of the pleadings cannot be reviewed on an appeal from a summary judgment. It is said in *Kelly* v.

*Liddicoat,* 35 Cal.App.2d 559 [96 P.2d 186], a case in which this subject is exhaustively considered, that 'Ordinarily the only question presented upon an appeal from a summary judgment under section 437c is whether or not the trial court abused its discretion.' In that case appellants, as here, attacked the judgment on the ground that the trial court erred in sustaining a demurrer to their third amended answer. The court points out that the purpose of section 437c is to eliminate all issues which have no basis in fact irrespective of how well they may be pleaded. Therefore an answer may be stricken out although it states a perfect defense if defendant does not by his affidavits show facts to substantiate such defense.''

*Krupp* v. *Mullen,* 120 Cal.App.2d 53 [260 P.2d 629], involved an answer to complaint which did not plead estoppel but defendant nevertheless sought to establish that contention by his affidavits in support of his motion for summary judgment. The court said, at page 56: ''The affidavits in support of a motion for summary judgment do not constitute a second set of pleadings. 'Their purpose is only to show whether the issues apparently made by the formal pleadings are genuine, [citation], and if either party has competent evidence to offer which would tend to support his side of the issues. However, as the court stated at page 753 of the case last cited, 'If either party finds, on the hearing of such a motion, that his pleading is not adequate, either by way of allegation or denial, the court may and should permit him to amend; but in the absence of some request for amendment there is no occasion to inquire about possible issues not raised by the pleadings.' Therefore when the motion for summary judgment was presented to the trial court for consideration, the question, if any, of estoppel stood as waived by defendants.''

The seeming contradiction between *Krupp* on the one hand and *House* and *Best* on the other appears to be dissipated by the opinion in *Estate of Kelly,* 178 Cal.App.2d 24, which says at page 29 [2 Cal.Rptr. 634]: ''Furthermore, while it may be true in the interest of liberality that even if the answer of the opposing party be defective if the affidavits themselves within the general purview of the pleadings show that a good defense may exist, the summary judgment will ordinarily be denied and amendment permitted (*U. S. Fidelity & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559, 561 [3] [209 P.2d 429]), nevertheless this rule should not be extended to permit the affidavits to completely and entirely depart from the general

area of the causes set up in the pleadings. 'The affidavits in support of a summary judgment do not constitute a second set of pleadings.' (*Krupp* v. *Mullen*, 120 Cal.App.2d 53, 56 [2] [260 P.2d 629].)''

We find the true rule to be that a defect in the moving party's pleading, though it render it vulnerable to a general demurrer, does not preclude the granting of his motion if the supporting affidavits are factual and sufficient so long as they remain ''within the general purview of the pleadings'' and do not ''completely and entirely depart from the general area of the causes set up in the pleadings.'' The affidavits at bar did not so depart, they remained within the purview of the complaint, and our real question here is their factual sufficiency, not the sufficiency of the complaint.

The affidavit of Blanche Nelson, submitted in support of the motion, says: ''That said consideration was full, adequate, fair, just and equitable under the circumstances.'' That was not sufficient.

Code of Civil Procedure, section 437c, provides that the supporting affidavit or affidavits ''must contain facts sufficient to entitle plaintiff . . . to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto.''

*House* v. *Lala, supra,* 180 Cal.App.2d 412, 416: ''In order to prevail, the plaintiff's affidavits must state facts establishing every element necessary to sustain a judgment in his favor. [Citations.] To satisfy the statutory requirement of 'particularity,' the movant's affidavits must state all the requisite evidentiary facts and not merely the ultimate facts. [Citations.] Moreover, neither conclusions of law nor conclusions of fact are sufficient to satisfy the statutory requirement. [Citation.]

''Affidavits filed on behalf of the moving parties are to be strictly construed. . . . Not only must it appear that the averments in the affidavit are 'within the personal knowledge of the affiant' (Code Civ. Proc., § 437c), thus not hearsay [citation], but, equally important, it must affirmatively appear from the affidavit that affiant 'can testify competently thereto' . . .

''Whereas the court may accept as true the evidentiary facts averred by an affiant competent to testify in the absence of counteraffidavits [citations], nevertheless the

absence of counteraffidavits does not relieve a moving party plaintiff from the burden of establishing the evidentiary facts of every element necessary to entitle him to the judgment." See also *Kimber* v. *Jones*, 122 Cal.App.2d 914, 918-919 [265 P.2d 922]; *Southern Pacific Co.* v. *Fish*, 166 Cal.App.2d 353, 364 [333 P.2d 133]; *Murphy* v. *Kelly*, 137 Cal.App.2d 21, 31 [289 P.2d 565]. ■ An affidavit which merely repeats the general allegations of the pleading is useless. (See *Cowan Oil & Refining Co.* v. *Miley Petroleum Corp.*, 112 Cal.App. Supp. 773, 780 [295 P. 504].) Plaintiff's is such an affidavit. ■ The averment in the affidavit of Blanche Nelson concerning the adequacy of the consideration, etc., is insufficient; no evidentiary facts are alleged. (See *House* v. *Lala, supra,* 180 Cal.App.2d 412, 418-419.)

Also, plaintiff's affidavits recite only the legal effect of the written contract—the contract is not attached to the affidavit. "This statement of the legal effect of those documents is, of course, a mere conclusion of law as to the very matter here in issue, and would be incompetent as evidence. [Citations.] Furthermore, there being no showing of the loss of the instruments referred to, or other circumstances which would excuse production either of the original or authenticated copies, affiant could not give competent testimony even as to the contents of said documents. Under such circumstances, where the affidavit of a movant depends upon written documents, his affidavit is insufficient unless there is attached thereto the original documents, or a verified or certified copy of such instruments." (*Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116, 121 [283 P.2d 720]. See also *Family Service Agency of Santa Barbara* v. *Ames*, 166 Cal.App.2d 344, 350-351 [333 P.2d 142]; Code Civ. Proc., § 1855.) "A proper objection to such testimony would go to its competency." (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 750 [68 P.2d 322].)

Plaintiff contends that defendant impliedly waived any objection to any defects in the affidavits by failure to urge same before the trial court. ■ "It is the rule in California that in summary judgment proceedings there can be no waiver of the right to object to matter inadmissible by virtue of its incompetency." (*Southern Pacific Co.* v. *Fish*, 166 Cal.App.2d 353, 365 [333 P.2d 133]; *Family Service Agency of Santa Barbara* v. *Ames, supra*, 166 Cal.App.2d 344, 351.)

What has been said above concerning defective pleadings leads to the further conclusion that there is no merit in appellant's contention that the court was without jurisdiction to grant a summary judgment when a demurrer to the complaint was pending.

As the judgment must be reversed there is no point to any discussion of sufficiency of notice of date of hearing.

The proofs offered would not justify the equitable remedy of specific performance.

Judgment reversed.

Fox, P. J., and Herndon, J., concurred.