[Civ. No. 3. Fifth Dist. Feb. 6, 1963.]

MILLER & LUX, INCORPORATED, Plaintiff and Appellant, v. BANK OF AMERICA, as Administrator, etc., et al., Defendants and Respondents.

720

Vincent J. McGovern and Gordon A. Drescher for Plaintiff and Appellant.†

Hill, Farrer & Burrill, Ronald L. Hartman, John J. Wilson and J. E. Woolley for Defendants and Respondents.

BROWN (R.M.), J.—This appeal originated in an action brought by Robert Burhans, Jr. and Gertrude B. Burhans, husband and wife, against Harry R. Wiley and Buena Vista Water Storage District. During the pendency of appeal, Miller & Lux, Incorporated, has been substituted in the place of plaintiffs, and Bank of America National Trust and Savings Association, as administrator, has been substituted in the place of defendant Wiley, now deceased. In the interest of clarity, we shall refer to the appellant as plaintiff, in the singular, or as Burhans, and to the respondents as defendants, or as Wiley and District. Defendant Wiley opposes the appeal. Defendant District has not filed a brief. District's counsel stated during oral argument that District offers no opposition to this

---

†Reporter's Note. Mr. Drescher filed an opening brief on behalf of the original plaintiffs and appellants (Mr. and Mrs. Burhans); thereafter Miller & Lux, Incorporated, was substituted as plaintiff and appellant with Mr. McGovern as sole counsel.

appeal because of the belief that the judgment appealed from is erroneous.

The controversy here involved relates to conflicting claims to water and water rights. District owns and services lands immediately southerly of Highway 466, known as the Wasco Road, in Kern County. Wiley owns in fee and leases lands immediately northerly of Wasco Road. Burhans owns in fee and leases lands situate immediately northerly of Wiley's lands. Waters flow from the Kern River, at a diversion point situated on District's lands, into and through Goose Lake Canal and Kern River Flood Channel, hereinafter referred to as the channel, in a general northerly direction. Thus, the waters flow over or past the lands of District, then the lands of Wiley, then the lands of Burhans, in that order.

The second amended complaint, hereinafter referred to as the complaint, seeks a decree quieting title in Burhans to water and water rights in Goose Lake Canal and the channel for beneficial use upon lands owned in fee and lands in which Burhans holds leasehold interests, and for injunctive relief.

Defendants answered the complaint and general and special demurrers were filed. Hearing on the demurrers was deferred and no ruling thereon has been made.

■ Defendants also moved for a summary judgment which was granted. The court below made its order for summary judgment which in form and substance is akin to a memorandum opinion, embodying the reasoning of the court on which the judgment rests, and which expressly directed the preparation of a formal judgment. A formal summary judgment was then entered, quieting title in defendants to all waters and water rights in Goose Lake Canal and the channel "excepting for such flood, vagrant, hostile and enemy waters from Kern River as may occasionally flow in infrequent years when such flood, vagrant, hostile and enemy waters from Kern River find their way into said Kern River Flood Channel northerly of the southerly boundary of plaintiffs' lands." Plaintiff appeals from the order and from the judgment. The order is nonappealable and the attempted appeal therefrom must be dismissed.

On appeal from the summary judgment plaintiff challenges the sufficiency of the moving affidavits and contends that the counteraffidavits establish that triable issues exist.

The basic principles controlling judicial action in granting or denying a summary judgment have been set out in an avalanche of decisions and need not be restated here. (See

*Snider* v. *Snider*, 200 Cal.App.2d 741 [19 Cal.Rptr. 709], for a recent comprehensive summation of rules and case authorities.)

Preliminarily, the pleadings contained in the record before us are numerous and lengthy. We have carefully read the equally numerous and lengthy supportive and opposing affidavits. It does not seem to be within the realm of probability that either pleadings or affidavits of the character and complexity of those contained in this record will be filed in another action. Therefore, a detailed summary thereof would serve no useful purpose as a guide in future litigation. We shall advert hereinafter only to such allegations and averments as are necessary to this opinion.

Freed from the confusion engendered by the divergent theories and the superabundance of arguments contained in the voluminous record and the briefs, the plaintiff's position is simply this: He claims to be the owner of water and water rights in Goose Lake Canal and the channel by virtue of the riparian status of his lands, by appropriation and by prescription. Defendants, on the other hand, contend that plaintiff's lands were stripped of all water rights by reservations and exceptions in deeds in the chain of title; that the issue of appropriative rights was not properly pleaded and thus was not before the court, and that, as a downstream user, plaintiff did not and in law could not acquire any water rights by prescription as against defendants.

We have concluded that plaintiff's counteraffidavits tender at least one triable issue with respect to his claim of acquisition of water rights by appropriation and that one material triable issue requires reversal of the judgment. Insofar as is possible, we shall abstain from discussing other questions raised by this appeal and which will be involved in the ultimate determination after trial on the merits.

However, the following general comments seem pertinent. Bound by the rule that the moving affidavits must be strictly construed (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *Walsh* v. *Walsh,* 18 Cal.2d 439 [116 P.2d 62]) we have disregarded a substantial and material portion of defendants' supportive affidavits. The general rule is that allegations made on information and belief are valueless. "Such belief, without more, is not competent testimony but a mere opinion or conclusion." (*Maltby* v. *Shook,* 131 Cal.App.2d 349, 353 [280 P.2d 541].) An exception is created by section 437c of the Code of Civil Procedure, which

governs summary judgment procedure. It is there provided that when the *party resisting* the motion appears in one of the specified representative capacities, his own opposing affidavit may be made on information and belief. There is no correlative statutory provision in favor of the *movant*.

█ The rule is now well established that averments in the movant's affidavits which depend upon written documents are incompetent and cannot be considered unless there are annexed thereto the original documents or certified or authenticated copies of such instruments, or excuse for nonproduction thereof is shown (*Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116, 121 [283 P.2d 720]; *Rodes* v. *Shannon*, 194 Cal.App.2d 743, 749 [15 Cal.Rptr. 349]; *Family Service Agency of Santa Barbara* v. *Ames*, 166 Cal.App.2d 344, 349 [333 P.2d 142]; *Callahan* v. *Chatsworth Park, Inc.*, 204 Cal. App.2d 597, 606 [22 Cal.Rptr. 606].) █ "It is the rule in California that there can be no waiver in summary judgment proceedings of the right to object to matter inadmissible by virtue of its incompetency." (*Family Service Agency of Santa Barbara* v. *Ames, supra,* p. 351.) (See also *Rodes* v. *Shannon, supra,* 194 Cal.App.2d 743, 749; *Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353, 365 [333 P.2d 133].) █ And in *Callahan* v. *Chatsworth Park, Inc., supra,* at page 604, it is said:

"In order to succeed the moving party must present a competent. showing regardless of weakness in the opposing affidavits and this is a matter which cannot be waived."

Within these rules must fall all moving affidavits, or portions thereof, which relate to and give the contents of, or the affiant's conclusion as to the legal effect of, written instruments designed to show that plaintiff's lands were stripped of all water rights by reservations in numerous deeds; ownership in defendant District of Goose Lake Canal and the right of way in which it lies; ownership in Miller & Lux, Incorporated, of water rights at the diversion point on the Kern River by virtue of the Miller-Haggin agreement and the subsequent conveyance of those rights to District by agreement; the annual acre feet of water flowing in the two watercourses from 1937 through 1954 as is alleged to be shown by defendant District's records; agreements between Wiley and District and between Wiley and Burhans relating to the use of water. In brief, legal infirmity pervades virtually every one of the several affidavits filed in support of the motion.

We turn to the issue of appropriative rights. Plaintiff contends that the trial court erred in failing to consider the issue of his claimed appropriative rights. In its order for summary judgment the court passed lightly over this issue with the terse comment, ''Their [plaintiff's] rights acquired by appropriation, if any, have never been determined; the applications are still pending.'' ■ From this statement it is evident that the trial court held the erroneous belief that the filing of an application to appropriate unappropriated water did not give rise to a right in the claimant sufficient to fall within the protection of the law. The statutory and decisional law of California is to the contrary. Section 1450 of the Water Code, relating to appropriative rights, provides:

''Any application properly made gives to the applicant a priority of right as of the date of the application until such application is approved or rejected.''

Section 1414 of the Civil Code provides: ''As between appropriators, the one first in time is the first in right.''

■ Historically, the courts of this state have recognized that appropriative water right filings are property rights (*Inyo Consol. Water Co.* v. *Jess,* 161 Cal. 516, 520 [119 P. 934]; *Merritt* v. *City of Los Angeles,* 162 Cal. 47, 50 [120 P. 1064]). The property right acquired by such filing is a possessory interest in real property pending perfection of the appropriator's right to take water (*Yuba River Power Co.* v. *Nevada Irr. Dist.,* 207 Cal. 521, 527 [279 P. 128]). In *Silver Lake Power & Irr. Co.* v. *City of Los Angeles,* 176 Cal. 96 [167 P. 697], pertinent language is found at page 101. There, the Supreme Court concluded that a claimant, by virtue of his filing, owns ''a possessory right which is property, and which he can maintain in the courts against trespassers or hostile private claimants.'' ■ Although the right acquired by filing is conditioned upon the claimant completing his diversion project with diligence, and then diverting and applying the water to a useful purpose, upon meeting the conditions the priority of his right to take water relates back to the date of filing. (*City of San Bernardino* v. *City of Riverside,* 186 Cal. 7, 28 [198 P. 784]; *State of Arizona* v. *State of California,* 298 U.S. 558 [56 S. Ct. 848, 80 L.Ed. 1331].) ■ Under these authorities, it is clear that upon filing of the application by plaintiff, he acquired a property right recognized by law upon which he could maintain an action against defendants.

Defendant Wiley, however, contends that plaintiff did not properly raise a triable issue concerning the acquisition of water rights by appropriation. The complaint contains only a general allegation of ownership of waters and water rights in the two watercourses. The claim of appropriative rights makes its first appearance in plaintiff's counteraffidavit, designated as a ''Further Affidavit.'' To the ''Further Affidavit'' are annexed certified copies of plaintiff's ''Application to Appropriate Unappropriated Waters'' filed April 6, 1945, with the State of California, Department of Public Works, Division of Water Resources, and amendments thereto. Wiley argues that the right to appropriate water is a right conferred by statute and that, under rules of pleading, where one seeks to establish a right acquired under a statutory provision, he must allege the particular statute relied upon and the facts constituting his compliance with it. He relies upon language to that effect contained in *San Francisco Savings Union* v. *Reclamation Dist. No. 124,* 144 Cal. 639 [79 P.2d 374]; *County of San Luis Obispo* v. *Hendricks,* 71 Cal. 242 [11 P. 682]; *Johnson* v. *City of Glendale,* 12 Cal.App.2d 389 [55 P.2d 580]; *Watts* v. *Currie,* 38 Cal.App.2d 615 [101 P.2d 764]; *Bailey Trading Co.* v. *Levy,* 72 Cal.App. 339 [237 P. 408]; and *McLain* v. *Llewellyn Iron Works,* 56 Cal.App. 60 [204 P. 869]. The appeal in each of those cases arose after hearing on demurrer to the complaint. Moreover, each opinion makes clear that the complaint involved in the case there under consideration could never be amended so as to state a cause of action. For example, in the *San Luis Obispo* case, the right of the county to recover from the defendant the amount of a license was predicated upon a null and void ordinance. In *Johnson,* the plaintiff had not timely filed a verified claim which was a condition precedent to her right to maintain a personal injury action against the municipality. In *San Francisco Savings Union,* the claims sued upon were barred by the statute of limitations before a statutory amendment which may have authorized such a suit was enacted. It was said that the enabling amendment was not retroactive so as to apply to the claims of the plaintiff. Vital defects of this nature constitute insuperable barriers to amending so as to state a good cause of action. Nor are the cases cited by defendant controlling for they arose on judgment *after* hearing on demurrer, whereas the appeal before this court arose on summary judgment *before* hearing on demurrer. The pleadings play a different role in the latter case than they

do in the former. At hearing on demurrer the inquiry is directed to the nature and sufficiency of the allegations contained in the complaint; at hearing on summary judgment the inquiry is directed to the nature and sufficiency of averments in the supporting and counter affidavits.

Although the affidavits must be directed to the issues raised by the pleadings (*Craig* v. *Earl*, 194 Cal.App.2d 652, 655 [15 Cal.Rptr. 207]; *Family Service Agency of Santa Barbara* v. *Ames, supra,* 166 Cal.App.2d 344, 347), "[i]t is not the purpose of the procedure under section 437c to test the sufficiency of the pleadings" (*Eagle Oil & Refining Co.* v. *Prentice, supra,* 19 Cal.2d 553, 560); and even though the defect consists of omission of allegations essential to state a cause of action as against a general demurrer, such defect does not control the ruling upon a motion for summary judgment (*Rodes* v. *Shannon, supra,* 194 Cal.App.2d 743).

"If the pleadings are insufficient, the defect may be raised by demurrer or motion to strike, or by motion for judgment on the pleadings." (*Coyne* v. *Krempels*, 36 Cal.2d 257, 262 [223 P.2d 244].) Language having but one meaning pervades these and other cases which discuss defects in a complaint or defensive pleading upon motion for summary judgment. They affirm and reaffirm the principle that a motion for summary judgment is not a substitute for a demurrer and that, if the affidavits contain factual averments within the general area of the issues framed by the pleadings, they are sufficient to make out a prima facie case.

We are thus led to the conclusion that, for the purpose of summary judgment procedure as distinguished from proceedings challenging the legal sufficiency of a complaint, the general allegation of ownership of water and water rights set out in the complaint constitutes a sufficient foundation on which the claim of appropriative rights averred in plaintiff's counteraffidavit may rest.

Defendant Wiley next advances the argument, predicated on language taken from the cases of *Hargrave* v. *Cook*, 108 Cal. 72 [41 P. 18, 30 L.R.A. 390], and *Himes* v. *Johnson*, 61 Cal. 259, that an appropriator has no right superior to or in derogation of rights attaching to lands riparian to the same stream or against a prior appropriator on the same stream. The principle is well recognized in water law, but loses its force when argued in Wiley's behalf. His moving affidavits fail to set out evidentiary facts with the "particularity" commanded by section 437c of the Code of Civil

Procedure, from which the conclusion may be drawn that Wiley is, as to plaintiff, a prior appropriator or that his lands have riparian status. Wiley's moving affidavit avers that his applications to appropriate unappropriated water from Goose Lake Canal and the channel were filed on September 7, 1945, and on March 26, 1946. Plaintiff's application was filed on April 6, 1945. The record, at this stage of the action, supports a conclusion that plaintiff, and not Wiley, is the prior appropriator. Even if, after full scale trial, Wiley had shown that he is a senior appropriator and plaintiff a junior appropriator, such showing would not necessarily conclude plaintiff from the use of waters from the two watercourses. ▮ Whenever water in a watercourse is not reasonably required for the beneficial use by the owners of superior rights, whether the water is foreign or part of the natural flow, such owners cannot prevent use of the waters by other persons, and the water must be regarded as surplus water subject to appropriation by another who can beneficially use it. (Cal. Const., art. XIV, § 3; Wat. Code, § 1201; *City of Pasadena* v. *City of Alhambra*, 33 Cal.2d 908, 925 [207 P.2d 17].)

▮ Wiley's moving affidavits are also insufficient to make out even a prima facie showing that Wiley's lands are riparian. True, general averments are made therein that his lands border and abut upon Goose Lake Canal and the channel and that the lands are riparian thereto. ▮ In *Hudson* v. *West*, 47 Cal.2d 823 [306 P.2d 807], at page 830, the Supreme Court said:

"Although the riparian character of land may be put in issue by a general allegation, to prove that land is riparian it is necessary, as previously noted, to show that: (1) some part of the land is contiguous to a stream or natural watercourse; (2) the land for which water is claimed is within the watershed of the stream; and that (3) the land for which water is claimed is part of the smallest tract held under one title in the chain of title leading to the present owner."

▮ The moving affidavits offer no evidentiary facts to show that the land which Wiley avers he owns and for which riparian status is claimed is within the watershed; nor do the affidavits tender any evidence for the purpose of tracing his title. Thus, defendant Wiley has not established that he is a riparian owner and his argument in this respect fails.

By its answer District claims to have filed applications to appropriate water but its moving affidavits are silent.

■ An omission in the moving affidavits may not be supplied by an allegation borrowed from the answer (*Coyne* v. *Krempels, supra,* 36 Cal.2d 257, 262; *Southern Pacific Co.* v. *Fish, supra,* 166 Cal.App.2d 353, 359). Insofar as District's moving affidavits show, it claims all water diverted from Kern River and thence flowing in the two watercourses by virtue of agreements and conveyances which fall within the category of *inadmissible evidence above discussed.* It thus has not sustained its claim that plaintiff's case is without merit.

Defendant Wiley also argues that the judgment of the trial court does not foreclose plaintiff from any appropriative rights because it permits the plaintiff to take "such flood, vagrant, hostile and enemy waters" from Kern River as may flow in infrequent years in that part of the channel which lies northerly of the southerly boundary of plaintiff's lands. The elenctic answer is this: The law does not award consolation prizes; it guards the rights of all litigants who seek relief at the hands of those who serve it and it awards full measure if the right to such relief is shown.

■ The moving affidavits having failed to establish by competent evidence any right in defendants superior to the right of plaintiff to appropriate water from Goose Lake Canal and the channel and plaintiff's counteraffidavits having raised a triable issue thereon, plaintiff is entitled to a judicial determination, after trial on the merits, of whether unappropriated water is available for beneficial use upon his lands and if so, the quantitative measure of the amount to which he is entitled.

The attempted appeal from the order for summary judgment is dismissed. The judgment is reversed.

Conley, P. J., concurred.

Stone, J., deeming himself disqualified, did not participate.