[Civ. No. 31066.   Second Dist., Div. Five.   Feb. 8, 1967.]

ROBERT L. MILEY, Plaintiff and Appellant, v. MORTON B. HARPER, Defendant and Respondent.

464

Jerrold I. Rudelson for Plaintiff and Appellant.

Morton B. Harper, in pro. per., and A. Joseph Sherwood for Defendant and Respondent.

KAUS, P. J.—Appeal from a judgment which followed the granting of a motion for a summary judgment in favor of defendant. The complaint was for malicious prosecution. In brief, it charged that on or about March 12, 1964, the defend-

ant falsely, maliciously and without probable cause caused to be issued against plaintiff an accusation before the Contractors' State License Board, in which accusation various charges were made concerning a flooring job which plaintiff had undertaken to complete at a property owned by the defendant. A hearing was held, at which it was sought to have the license of plaintiff as a contractor suspended. The proceedings resulted in a determination favorable to the plaintiff and he suffered certain damages.

Defendant answered and some time later filed a motion for summary judgment. The motion was accompanied by two declarations. Plaintiff filed a declaration in opposition to the motion and, after a hearing, the motion was granted. A judgment followed. The defendant's own declaration is of little help to him on this appeal and undoubtedly did not constitute the basis for the action of the trial court. It consists almost entirely of conclusions and matters which cannot possibly be within his personal knowledge. Thus it states that the administrative action against plaintiff was ''wholly the result of an independent and personal examination of the job and further investigation by an Official Investigator of the Contractors' State License Board . . .'' It is difficult to see how defendant can have personal knowledge of what moved someone else to file the accusation.[1]

The second declaration accompanying the motion for summary judgment was executed by Henry Lewin, deputy attorney general. It may be summarized as follows:

The declarant is a deputy attorney general and represents the Contractors' State License Board of the State of California in disciplinary actions brought against licensed contractors. In that capacity he determines whether an accusation should be filed against a licensee and generally receives a licensee investigation report, which reflects the investigation performed by a board investigator. This report ''generally'' contains a summary of the conversations between the investigator and any member of the public who has filed a complaint and conversations with the respondent, other independent licensed contractors who are acquainted with the particular job and information obtained by the investigator from an independent inspection. The case against

---

[1] A copy of the accusation is attached to the declaration of Henry Lewin, discussed below. It shows that the complainant was one Vern E. Carrell, who identifies himself in the accusation as an investigator for the Contractors' State License Board.

plaintiff was assigned to him on January 21, 1964, for the purpose of determining whether an accusation should be filed. To that end he studied the investigator's report. ". . . *said report set forth in detail the investigator's findings based on his own personal inspection of the job and the information he obtained in discussions with Arthur Rode, an independent licensed flooring contractor, and with Robert L. Miley, the respondent. That he concluded from the specific findings and statements of the investigator, which included the statement of the said independent licensed flooring contractor that he had examined the particular job in question and that the job was of very poor workmanship, and that there was substantial evidence of the violations charged by the investigator.*" (Italics added.)

After this examination he did "without the aid, encouragement, counsel or advice of Morton B. Harper, draft and cause to be filed an accusation . . ." He never discussed the accusation with Harper before the hearing which took place on June 8, July 20 and August 4, 1964. At the hearing Harper did not aid, assist, counsel or advise him in the presentation of the cause against Miley.

Plaintiff's counteraffidavit is of little help. Essentially he says that he does not believe that the investigation was "wholly independent," he further sets forth that one independent contractor witness on whom the investigator's report relied, was not unbiased, because he was a competitor and that, in any event, that witness' testimony did not hurt him at the hearing.

It should be pointed out here and now that defendant in his moving papers chose a very narrow area in which he attempted to prove that he was entitled to a judgment. The entire thrust of his motion is an attempt to show that he did not "procure" the accusation, because the decision to proceed was made by Mr. Lewin at least in partial reliance on an independent investigation.

That this would be a defense is recognized by the authorities although the necessary elements thereof are not always stated in identical tenor. The Restatement rule (Rest. Torts, § 653, com. g) is to the effect that if a private person gives to a prosecuting officer information which he believes to be true and the officer in the exercise of his uncontrolled discretion initiates a proceeding based on that information, the person is not liable, although the information proves to be false. even if the private person's belief therein was unreasonable and

although the fact that he laid the information before the public official unquestionably was a "cause" of the institution of the proceeding.

The leading California case is *Werner* v. *Hearst Publications, Inc.*, 65 Cal.App.2d 667 [151 P.2d 308], which affirmed a judgment that followed the sustaining of a demurrer without leave to amend. These were the pleaded facts: defendants instigated a disbarment proceeding before the State Bar of California by addressing a letter to a special investigator for the State Bar, in which they claimed that Werner had perjured himself in a certain defamation action. In the letter defendants did not make a full and fair disclosure of all the testimony plaintiff had given and which they claimed to be false. The State Bar relied on the letter and issued on order to show cause. There was a hearing before a trial committee of the State Bar which resulted in a dismissal of the charges against Werner. The complaint also contained the usual averments of malice, lack of probable cause and damages.

The trial court's judgment was upheld on the following reasoning: the rules of the State Bar, of which the court took judicial notice, required an investigation before a formal proceeding could be started by the issuance of an order to show cause. The complaint did not negative that such an investigation was made and therefore it was presumably done. Since the complaint did not negative that the State Bar proceeded at least in part on the basis of this independent investigation, it was further presumed that the State Bar relied on the investigation. That being so "the letter was not the cause by reason of which the proceeding was instituted." (*Ibid.*, p. 673.) The court relied on the following statement found in 38 C.J. 397: ▪ " 'Where the prosecuting officer acts on an independent investigation of his own instead of on the statement of facts by the party making the complaint, the latter has not caused the prosecution and cannot be held liable in an action for malicious prosecution.' " (*Ibid.*, p. 673.)[2]

---

[2]It will be noted that the defense recognized by *Werner* possibly differs from the Restatement rule in certain respects: 1. The Restatement requires that the defendant believe that the information given to the prosecuting officer be true. No such requirement is found in *Werner*. Indeed, as pointed out, the complaint alleged at least the withholding of certain information. 2. More particularly, the Restatement requires quite emphatically that the defendant take no steps whatever to encourage the filing of proceedings. On the other hand it seems at least implicit from the facts pleaded in *Werner* that the defendants in that case pressured the State Bar to proceed.

468

Neither party to the present appeal quarrels with *Werner*. ▉ Plaintiff feels that he has raised an issue of fact concerning the independence of the investigation by expressing his belief to the contrary. That is, of course, not so. (*Weir v. Snow*, 210 Cal.App.2d 283, 290 [26 Cal.Rptr. 868].) Defendant, on the other hand, submits that his showing that there was an independent investigation is sufficient. In this, we believe, he is mistaken.

▉ Lewin of course made no investigation at all—he merely read a report which the investigator had prepared for him and then made the decision to file. We may safely assume that the investigator's report would be at least in part admissible in evidence as an exception to the hearsay rule under section 1280 of the Evidence Code.[3] The trouble is that defendant did not bring forth the report of an acceptable copy thereof, but merely gives us a summary by Lewin.

▉ The best evidence rule applies to affidavits or declarations which are filed in support of motions for summary judgment. (*Johnson* v. *Drew*, 218 Cal.App.2d 614, 620 [32 Cal. Rptr. 540]; *Miller & Lux, Inc.* v. *Bank of America*, 212 Cal.App.2d 719, 725 [28 Cal.Rptr. 401]; *Rodes* v. *Shannon*, 194 Cal.App.2d 743, 749 [15 Cal.Rptr. 349]; *Family Service Agency of Santa Barbara* v. *Ames*, 166 Cal.App.2d 344, 351 [333 P.2d 142]; *Schessler* v. *Keck*, 138 Cal.App.2d 663, 669-670 [292 P.2d 314]; *Murphy* v. *Kelly*, 137 Cal.App.2d 21, 28 [289 P.2d 565].)

It is immaterial that the record does not show any objection or motion to strike. ▉ "It is the rule in California that there can be no waiver in summary judgment proceedings of the right to object to matter inadmissible by virtue of its incompetency." (*Family Service Agency of Santa Barbara* v. *Ames, supra*, p. 351; see also *Miller & Lux, Inc.* v. *Bank of America, supra*, p. 725; *Callahan* v. *Chatsworth Park, Inc.*, 204 Cal.App.2d 597, 604 [22 Cal.Rptr. 606].)

Without the inadmissible summary of the investigator's report contained in Lewin's declaration we are unable to tell just what was in the report. For all we know the only thing

---

[3]The Evidence Code was not in effect at the time of this judgment and it is far more doubtful whether the report was admissible under sections 1920 and 1926 of the Code of Civil Procedure in effect at the time, which were replaced by section 1280 of the Evidence Code. Since it does not appear that plaintiff failed to oppose the motion with all he had, we would never reverse the summary judgment on a point of law no longer valid, since all defendant would have to do to win again is renew his motion on the same old papers.

that the investigator did was to talk to Harper, which of course, would not be an "independent" investigation.[4]

■ Section 437c of the Code of Civil Procedure reads in part as follows: "The affidavit or affidavits in support of the motion must contain facts sufficient to entitle . . . defendant to a judgment in the action. . . ." Since the competent portions of defendant's papers did not show that he was entitled to a judgment, we are not concerned with the weakness of plaintiff's resistance to the motion. *Colvig* v. *KSFO,* 224 Cal.App.2d 357 [36 Cal.Rptr. 701], a case reversing a summary judgment in favor of a defendant, ends its discussion as follows: "We conclude, therefore, that the affidavit of the moving party does not state facts sufficient to support the judgment. In view of this conclusion, we need not proceed to determine whether the declaration of plaintiff, presented as a counteraffidavit, proffers competent and sufficient evidence to present a triable issue of fact." (*Ibid.,* p. 369.) (See also *Oliver* v. *Swiss Club Tell,* 222 Cal.App.2d 528, 545-546 [35 Cal.Rptr. 324]; *de Echeguren* v. *de Echeguren,* 210 Cal.App. 2d 141, 148-149 [26 Cal.Rptr. 562]; *Callahan* v. *Chatsworth Park Inc., supra,* pp. 604-605; *House* v. *Lala,* 180 Cal.App.2d 412, 416 [4 Cal.Rptr. 366].)

■ In view of the reversal of the summary judgment, another error urged by plaintiff is probably academic, but since the matter is likely to arise again we refer to it briefly: at the time plaintiff resisted the motion for summary judgment, he tendered a proposed amended complaint to the court. Leave to file was refused. In the proposed amended complaint, plaintiff attempted to negative that the accusation was filed as the result of an independent investigation. In the answer which defendant had previously filed, he had assumed the burden of proving that very fact affirmatively. One way or another the matter is thus at issue. The parties appear to be fighting for the privilege of assuming the burden of proof. We have said that if the accusation were filed as the result of an independent investigation, this would negative the necessary

---

[4]We think it is implicit in the opinion in *Werner* v. *Hearst Publications, Inc., supra,* that the court felt that the independent investigation which was presumably conducted consisted of more than a rereading of the letter the defendants had sent to the State Bar or an investigator's conversations with them. We do not quarrel with this unarticulated premise in the case of the State Bar, but are unwilling to assume as a matter of course that it applies to investigations conducted by the registrar of the Contractors' State License Board pursuant to section 7090 of the Business and Professions Code.

element in plaintiff's cause of action, namely that Harper procured the accusation. Such procurement is adequately pleaded as an ultimate fact in the complaint and no pleading of evidentiary facts which would support or negative it is necessary on the part of either party.

The judgment is reversed.

Hufstedler, J., and Stephens, J., concurred.