[Civ. No. 7225. Second Appellate District, Division One.—August 29, 1932.]

PAUL M. FRENCH, Plaintiff and Appellant, v. ORANGE COUNTY INVESTMENT CORPORATION (a Corporation) et al., Defendants; THE PEOPLES NATIONAL BANK (THE NATIONAL BANK OF COMMERCE OF LOS ANGELES), Defendant and Appellant.

Harry K. Sargent for Plaintiff and Appellant.

Faries, Williamson & Musick, Woodruff, Musick & Hartke and H. L. Pratt for Defendant and Appellant.

YORK, J.—On March 28, 1928, plaintiff commenced an action against defendants for fraudulent conversion of a deed, executed by plaintiff's assignors. The complaint in said action prayed that defendants account to plaintiff for the value of plaintiff's interest in the real property conveyed by the deed, to wit: the sum of $2,673.64, and that plaintiff have judgment therefor and for $10,000 exemplary damages. Thereafter, upon motion of plaintiff, the action was dismissed as to all defendants except the defendant bank. On January 19, 1929, the action was tried before a jury which resulted in a judgment for plaintiff. Defendant's motion for a new trial was granted, and a second trial was had on November 1, 1929, which again resulted in a judgment in favor of the plaintiff, said second judgment being for the sum of $2,142.27.

Plaintiff appeals from this judgment, specifying as grounds for reversal seven errors of the court (1) in refusing to allow plaintiff to examine C. J. Shepherd, president of defendant bank, under section 2055 of the Code of Civil Procedure; (2) in overruling plaintiff's objection to a question asked of one of the witnesses; (3) in refusing to permit plaintiff to amend his complaint to conform to the evidence; (4) in modifying plaintiff's requested instructions as to measure of actual damages; (5), (6) and (7) in refusing to give certain instructions requested by plaintiff.

Defendant bank appeals from the judgment and also from an order of the court denying its motion for judgment notwithstanding the verdict, and contends that the evidence is insufficient to sustain the verdict and judgment. Upon stipulation of counsel the two appeals were consolidated.

The transaction out of which the action and these appeals arise appears to be as follows: On or about December 13, 1927, the then owners of the property here involved, through their agent in Portland, Oregon, by letter mailed December 9th, deposited a "deed in blank" with the defendant bank with instructions to deliver the same to the Orange County Investment Corporation when the bank held $300 net to the owners. The Investment Corporation

had undertaken to act as agent in finding a purchaser for the property. The owners were residents of Oregon, and ignorant of the true value of the property. They acted in reliance upon representations made to them by the Investment Company that the lots were worth not over $500 each, whereas in fact their market value was $1,250 each. On December 29, 1927, at 9:30 A. M., the bank received written instructions from the said agent to the effect that unless the money was received during banking hours of that day to return the deed. Between the time of the receipt of these instructions and 11:30 A. M. of the same day the escrow officer of the bank, who was also assistant cashier, was directed by the president of the bank to insert the name of said president as grantee in the deed and charge the president's account with the sum of $300. At 11:30 A. M. of the same day the escrow department of the bank received a telegram from the owners' agent reading: "Do not deliver Hodder deed mailed ninth return immediately." Later in the day the escrow officer, at the direction of the president, sent the following wire to the agent: "Telegram and letter received too late to hold deed stop remitting today." The remittance of $300 was sent to the agent, and the deed was recorded on January 4, 1928. Shortly thereafter the property was sold at a profit.

The value of the property was alleged in the complaint to be $3,750, less encumbrances of $776.36. At the trial proof was adduced showing that the encumbrances were $1307.73 and a stipulation entered into between the parties to that effect. The jury found in favor of plaintiff in the sum of $2,142.27—$3,750 less encumbrances of $1307.73 and $300, the amount remitted to the agent.

Taking up the appeal by plaintiff: If there was error committed by the court in its refusal to permit the plaintiff to examine Mr. Shepherd under section 2055 of the Code of Civil Procedure, such error was harmless, for the reason that the plaintiff was allowed extremely wide latitude in his cross-examination of this party, who was president of the defendant bank at the time he took title to the property, but who subsequently resigned such position and at the time of the trial was not connected with the bank. Plaintiff was allowed to bring out the transaction in great detail in his cross-examination of this witness.

■ The second specification of error is based on the overruling of plaintiff's objection to defendant's question to the vice-president of the bank, as to whether or not the former president had discussed with the directors of the bank the fact that he had bought the property here in question. We fail to see how the court's action prejudiced the plaintiff in any way, in view of the fact that the judgment rendered in favor of plaintiff runs against the defendant bank.

■ The plaintiff's objection that he was not awarded exemplary damages in addition to compensatory damages is not well taken, because plaintiff prosecutes this action solely and only as assignee of the cause of action of the injured persons who owned the property at the time of the alleged unlawful conversion of their deed. In 8 Ruling Case Law, page 595, it is said: "Exemplary damages are allowed only to the immediate person receiving the injury, either in a suit prosecuted by himself or by some one for his use." This appears to be harmonious in principle with the rule that "a bare right to file a bill in equity for fraud committed upon the assignor will be denied because the transfer of such right is against public policy". (*Swallow* v. *Tungsten Products Co.*, 205 Cal. 207, 217 [270 Pac. 366, 370].)

■ The allowance or refusal of amendments to pleadings is a matter within the discretion of the trial court. The basis of plaintiff's proposed amendment was the testimony of the real estate agent, who stated that it was his opinion that the lots were worth $4,500. When asked how he arrived at this figure, he claimed he knew of a sale of two lots for $3,200 located nearer the ocean, made a year or two prior to the sale in question. He also testified that he had offered $3,000 for the three lots involved in this action. In view of the testimony offered and the fact that the complaint alleged the value to be $3,750, we are convinced that there was no error in the refusal of permission to amend the complaint to conform to proof.

■ We have examined the modified instruction referred to, and also the three instructions requested by plaintiff and refused to be given by the court (Pltfs. Opening Brief, p. 27 et seq.) and we fail to find wherein the plaintiff was injured or prejudiced by either the modification or the refusal of the court to give the instructions requested.

■ Defendant bank appeals from the judgment on the ground of the insufficiency of the evidence. An examination of the record discloses ample evidence to support the verdict and the judgment.

We are convinced that the bank, as depositary of the deed here involved, owes to the grantors the utmost good faith and cannot exercise the power conferred by its position as holder to use the paper for its own benefit or to the advantage of its president for an entirely different object from that for which it obtained it. Having received it as a proposal, the escrow-holder will not be allowed to have it acknowledged by an attesting witness and recorded as a subsisting contract between its president and its principal and others who never assented to its terms or accepted it. (*Wiard* v. *Brown,* 59 Cal. 194.) The evidence shows that the president of the bank conferred with Mr. Wickoff, who was the manager of the real estate department of the Orange County Investment Company, on the morning that the deed was completed, and it is reasonable to assume that Mr. Wickoff informed him of the profit that could be made upon the transaction as finally consummated. ■ We are of the opinion that there was sufficient evidence upon which the jury could base its verdict, and, further, that the jury was convinced by such evidence that the act of the president in having his own name inserted as grantee, and the acquisition by him for $1600 of property which was proved to be worth at least $3,000, was a breach of the good faith that was owing to the grantors on the part of the bank as depositary, and that the said depositary thereupon became liable in damages to the said grantors.

■ Defendant-appellant makes the point that the rule that knowledge of agent is imputable to principal is not applicable where agent's interests are adverse to that of the principal. As president of a banking institution, we are unable to see how the interest of Mr. Shepherd could be adverse to that of this principal (the bank) in a transaction such as that here involved. At any rate, his interest should have been identical instead of adverse, because as president he, too, owed the utmost good faith to the grantors and could not take advantage of the situation to make a personal profit.

No error was committed by the court in denying defendant-appellant's motion for judgment notwithstanding the verdict, and neither was error committed in the giving of the instructions complained of, or in refusing to give the instructions which defendant-appellant contends it was entitled to have given to the jury. (Defts. Opening Brief, p. 62 et seq.)

The judgment is affirmed. Also, the order is affirmed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.