MacCLURE *v.* NOBLE.

1. JUDGMENT—SUMMARY JUDGMENT—VENDOR AND PURCHASER—CONTRACTS.

In action by assignee for payments past due on land contract, plaintiff was not entitled to summary judgment where he failed to prove that said contract was entered into by defendants; reference in affidavit to contract attached to declaration, which did not purport to be original or verified or certified copy thereof, being insufficient.

2. TAXATION—LAND CONTRACTS—EVIDENCE—STATUTES.

Land contract may not be enforced or received in evidence unless it contains certificate of county treasurer that specific tax thereon has been paid (1 Comp. Laws 1929, §§ 3642, 3647).

3. COSTS—WAIVER—SUMMARY JUDGMENT—LAND CONTRACTS—STATUTES—COURT RULES.

Although failure of defendants' attorney to appear and contest motion for summary judgment in action on land contract, on ground that affidavit therefor did not comply with requirements of statute and court rule, did not waive necessity of compliance therewith, it is sufficient cause for refusing to allow him costs on appeal (1 Comp. Laws 1929, §§ 3642, 3647; Court Rule No. 30).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 14, 1932. (Docket No. 134, Calendar No. 36,431.) Decided September 16, 1932.

Assumpsit by Theodore R. MacClure, individually and as assignee, against Harry R. Noble and another for instalments on a land contract. Summary judgment for plaintiff. Defendants appeal. Reversed, and new trial ordered.

*James G. McHenry,* for plaintiff.

*Sweetman G. Smith,* for defendants.

SHARPE, J. In the declaration, filed herein on November 4, 1931, the plaintiff claimed the right to recover certain payments past due on a land contract assigned to him and for taxes paid on the land described therein. A copy of the contract and assignment was attached thereto. The defendants answered, denying all the material allegations in the declaration.

On December 29, 1931, the plaintiff moved for summary judgment. His affidavit therefor reads as follows:

"Theodore R. MacClure, being duly sworn, deposes and says, as follows: That he is the plaintiff in the above entitled cause, and that there is justly and truly due and owing to him over and above all legal set-offs, the sum of $918.12 for instalments of principal and interest accrued on the land contract referred to in the declaration filed herein and for taxes paid on the premises described in said contract, by the plaintiff on behalf of the defendants; and deponent further says that he has good reason to believe and does believe that there is no defense to said cause of action."

Notice of the motion was served on the defendants' attorney. He did not appear at the hearing, and a judgment for plaintiff for $918.12 was entered on January 2, 1932. The defendants have appealed therefrom.

That the affidavit on which the judgment was based did not comply with the requirements of Court Rule No. 30 is apparent. But one of these defects need be alluded to. Plaintiff's claim was founded upon payments due under the contract assigned to him and taxes paid pursuant thereto. To establish this claim, he must first prove that such a contract was entered into by the defendants. This might have been done by attaching to the affidavit the original contract or a verified or certified copy thereof. A reference to that attached to the declaration was not sufficient. It did not purport to be the original, nor was it verified or certified. Neither did it contain the certificate of the county treasurer that the specific tax thereon had been paid, as required by 1 Comp. Laws 1929, § 3642, and without it the contract could not be enforced or received in evidence. Section 3647; *Nelson* v. *Breitenwischer*, 194 Mich. 30.

The failure of the defendants' attorney to appear and contest the motion was not a waiver of the necessity of plaintiff's compliance with the statute and rule. *Macdonald* v. *Betts*, 246 Mich. 585. His neglect to do so is, however, sufficient cause for refusing to allow him costs on this appeal.

The judgment is reversed, but without costs, and a new trial ordered.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.