[Civ. No. 42790. Second Dist., Div. Five. Sept. 17, 1974.]

CONNIE P. DUGAR, Plaintiff and Respondent, v.
HAPPY TIGER RECORDS, INC.,
Defendant, Cross-complainant and Appellant;
AMPEX CORPORATION et al., Cross-defendants and Respondents.

**814**

[black redaction box]

## COUNSEL

Scott J. Spolin for Defendant, Cross-complainant and Appellant.

Terrance B. Rodsky for Plaintiff and Respondent.

No appearance for Cross-defendants and Respondents.

## OPINION

**STEPHENS, J.**—Plaintiff Connie P. Dugar, an assignee, initiated this action against defendant Happy Tiger Records, alleging both common counts and fraudulent misrepresentation. Upon plaintiff's motion for summary judgment, the trial court rendered judgment in plaintiff's favor. Defendant appeals.

In her complaint, plaintiff alleged that defendant was indebted to her in the sum of $21,762.03.[1] The motion for summary judgment was supported by two affidavits. The first affidavit, submitted by Anthony Troilo, an officer of plaintiff's assignor's parent corporation, stated that he had examined the documents attached to the affidavit and incorporated therein by reference, and that they were accurate. Unfortunately the documents designated as Exhibit A and sought to be incorporated in the affidavit were not attached. The documents in question were certain business invoices showing a series of commercial transactions between plaintiff's assignor and the defendant.[2] The second affidavit, submitted by Norman Lyons, comptroller of plaintiff's assignor, stated that he also had reviewed *copies* of the business documents which were attached to Troilo's affidavit, and concluded that the sum of $21,762.03 was presently due and owed by defendant to plaintiff.

---

[1] The sum of $10,000 for punitive damages was awarded plaintiff based upon her fourth cause of action for fraudulent misrepresentation.

[2] Troilo's affidavit appears to refer to the documents as originals.

However, the documentation referred to by the affiants was not attached to Troilo's affidavit but was subesquently sought to be added as an exhibit and incorporated into their affidavits by the *unverified* declaration of plaintiff's attorney, Terrance B. Rodsky. (See *Newport* v. *City of Los Angeles,* 184 Cal.App.2d 229, 234 [7 Cal.Rptr. 497].) In his declaration, Rodsky stated that "said documentation was inadvertently not attached [to Troilo's affidavit] . . . and . . . a true and correct copy of said documentation is attached thereto and incorporated herein by reference as Exhibit A." It is clear that this unverified declaration cannot supply the missing documentation to either of Lyons' or Troilo's affidavits.[3] (*Smith* v. *City of San Jose,* 238 Cal.App.2d 599, 603 [48 Cal.Rptr. 108].) Thus, we conclude that the documentation relied upon by the trial court in granting the motion for summary judgment was incompetent evidence. Accordingly, we reverse the summary judgment.

While we are of the opinion that the erroneous consideration of the documents by the trial court requires reversal of the judgment, as an aid to the court and the parties upon remand, we discuss several of defendant's contentions raised on appeal.

█ We first answer the contention that the documents appended to plaintiff's motion for summary judgment, which documents represented invoices for goods and materials sent by plaintiff's assignor to the defendant pursuant to their business transactions, were not the originals of those documents but rather photostatic copies thereof and thus were not competent evidence under the best evidence rule. (Evid. Code, § 1500 et seq.)[4]

█ It is well established that where materials are properly incorporated by reference into an affidavit, they must conform to the rules of evidence. (*Miller & Lux, Inc.* v. *Bank of America,* 212 Cal.App.2d 719, 725 [28 Cal.Rptr. 401]; *Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 349 [333 P.2d 142]; *Schessler* v. *Keck,* 138 Cal.App.2d 663, 669-670 [292 P.2d 314]; 4 Witkin, Cal. Procedure (1971) Proceedings Without Trial, § 185, p. 2835.) As the court stated in *Miller & Lux, supra,* at page 725, "The [general] rule is . . . that averments in the movant's affidavits which depend upon written documents are incompetent and

---

[3]Even if the declaration had been verified, it still would not suffice to allow the court to rely on the documentation attached thereto since plaintiff's attorney did not specify that he had personally examined the documents and that they were accurate. (Code Civ. Proc., § 437c.)

[4]Evidence Code section 1500 provides as follows: "Except as otherwise provided by statute, no evidence other than the writing itself is admissible to prove the content of a writing. This section shall be known and may be cited as the best evidence rule."

can not be considered unless there are annexed thereto the original documents or certified or authenticated copies of such instruments, or excuse for nonproduction thereof is shown." Defendant contends that the trial court's judgment was rendered upon documents which are inadmissible since the documents affixed to plaintiff's motion are photostatic or "xeroxed" copies of the original invoices.

■ The California Evidence Code recognizes exceptions in regard to the use of copies.[5] Section 1510 permits the use of copies only where the originals are themselves produced at the hearing and made available for inspection by the adverse party. The record before us does not disclose whether the originals were in fact produced at the hearing for summary judgment. We hold that such a blank record does not give rise to the inference that section 1510 had been complied with or was even relied upon to make copies admissible.

Furthermore, Evidence Code section 1550[6] recognizes an exception to the best evidence rule for photostatic copies made in the regular course of business where such copies are themselves preserved as part of the records of the business. Although we have found no cases in California interpreting this section,[7] the general rule in other jurisdictions which have enacted similar statutes is that the exception is specifically limited to those situations where the photostatic copy is itself made and preserved in the regular course of business and *not* merely for litigation purposes. (*Toho Bussan Kaisha Ltd.* v. *American Pres. Lines, Ltd.,* 265 F.2d 418, 424 [76 A.L.R.2d 1344]; *School District No. 91, Bonneville County* v. *Taysom* (1972) 94 Idaho 599 [495 P.2d 5].) In the instant case, we are of the opinion that the documents do not fall within the purview of section 1550.

Several of the leading commentators in the field, however, have urged that photostatic copies be deemed "duplicate originals." (Witkin, Cal. Evidence (2d ed.) § 690, p. 644; McCormick, Evidence (2d ed.) § 236, p. 569.) This rationale has been adopted in the Proposed Federal Rules of

---

[5]Sections 1501-1509 provide for additional exceptions to the rule, but they are inapplicable to the problem before us.

[6]Evidence Code section 1550 provides: "A photostatic, microfilm, microcard, miniature photographic or other photographic copy or reproduction, or an enlargement thereof, of a writing is as admissible as the writing itself if such copy or reproduction was made and preserved as a part of the records of a business (as defined by Section 1270) in the regular course of such business. The introduction of such copy, reproduction, or enlargement does not preclude admission of the original writing if it is still in existence."

[7]In *People* v. *Olf,* 195 Cal.App.2d 97, 103 [15 Cal.Rptr. 390], photostatic copies of documents from the files of various banks were held to be admissible before the grand jury where they *appeared* to be admissible under former Code of Civil Procedure section 1953i (Uniform Photographic Copies as Evidence Act).

Evidence. Under proposed rule 1001(d), photographic copies are classified as "duplicate originals," and under proposed rule 1003, are declared admissible as originals unless a genuine question is raised as to the authenticity of the original. This is not the present law in California. ■ Until the Legislature amends section 1500 et seq., photostatic copies are only secondary evidence subject only to the statutory exceptions.

There is also some authority in California for the proposition that a copy of a writing which is either verified or certified could excuse the production of the original documents.[8] (See *Low* v. *Woodward Oil Co., Ltd.,* 133 Cal.App.2d 116, 121-122 [283 P.2d 720]; *Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 750 [68 P.2d 322].) However, we are of the opinion that these cases are no longer authoritative since the enactment of Evidence Code section 1510 in 1965. It seems clear that section 1510 requires the production of the originals at the hearing for inspection by the adverse party.

■ We are, nevertheless, confronted here by the general rule in California that in order to raise the point of erroneously admitted evidence on appeal, there must be a showing that a timely objection had been made at trial directing the attention of the trial court to the particular evidence sought to be excluded. Where no objection is shown to have been made, the admission of secondary evidence is sufficient to sustain a judgment. (Evid. Code, § 353; *Sublett* v. *Henry's etc. Lunch,* 21 Cal.2d 273, 276 [131 P.2d 369]; *Greenfield* v. *Insurance, Inc.,* 19 Cal.App.3d 803, 811 [97 Cal.Rptr. 164]; *Hausen* v. *Goldman,* 124 Cal.App.2d 25, 30 [267 P.2d 852]; Witkin, Cal. Evidence (2d ed.) § 1285, p. 1188.) The issue we have been discussing was not raised below. However, the general rule is inapplicable in summary judgment proceedings since there can be no waiver of the right to object to inadmissible evidence in such proceedings. (*Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353, 365 [333 P.2d 133].) The *Fish* case relied extensively on the Michigan case of *MacClure* v. *Noble,* 259 Mich. 601 [244 N.W. 174], wherein the court rejected the assertion that defendant had waived all errors in plaintiff's affidavits by failing to object to them at trial.

■ It is clear that the *Fish* case is dispositive of this issue. In *Fish,* a copy of an order of the Interstate Commerce Commission which was

---

[8]Even under these cases (had the documentation in fact been attached to Troilo's affidavit), since the documents were neither verified nor certified, plaintiff would have had to prevail as to the question of whether a mere reference to and incorporation of the unverified documents into the affidavit suffices. (See *MacClure* v. *Noble,* 259 Mich. 601 [244 N.W. 174].)

neither certified nor authenticated was held to be incompetent evidence as proof of its contents. Since the documents in the instant case were only photostatic copies and not originals, their consideration by the court is a violation of the best evidence rule and constitutes reversible error.

■ Code of Civil Procedure section 437c provides that in a motion for summary judgment an answer may be stricken unless the other party, by affidavit, shall show such facts as may be deemed by the court sufficient to present a triable issue of fact. Since defendant failed to file any affidavits in opposition to the affidavits filed by the plaintiff, the trial court was entitled to accept as true the facts stated in support of plaintiff's motion which were within the personal knowledge of the affiant and to which the affiant could competently testify. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 261-262 [223 P.2d 244].) A failure of the defendant to file counter-affidavits cannot be remedied by resort to allegations or denials in a verified answer. (*Id.; Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562-563 [277 P.2d 464]; 4 Witkin, Cal. Procedure (1971) Proceedings Without Trial, § 188, p. 2837.) Therefore, the judgment may be entered in accordance with the uncontroverted allegations in a moving party's affidavits.[9]

■ The failure of an opposing party to file counteraffidavits, however, does *not* relieve the moving party of the burden of establishing the evidentiary facts of every element necessary to entitle him to a judgment. (*Vesely* v. *Sager,* 5 Cal.3d 153, 159 [95 Cal.Rptr. 623, 486 P.2d 151]; *Coyne* v. *Krempels, supra,* at p. 263.) The issue then is to determine whether the moving party is entitled to a summary judgment on the basis of the undisputed facts in the affidavits and on the pleadings filed by the opposing party to whom the motion is directed. (*Joslin* v. *Marin Mun. Water Dist.,* 67 Cal.2d 132, 148 [60 Cal.Rptr. 377, 429 P.2d 889]; 4 Witkin, Cal. Procedure (1971) Proceedings Without Trial, § 182, p. 2833.) As the Supreme Court stated in *Joslin* (at p. 148): "[A] party [cannot] rely on his own pleadings in lieu or in support of affidavits in opposition to a motion. [Citations omitted.] However, [a party can] . . . rely on his *adversary's* rather than his *own* pleadings to establish facts not contained in his affidavit." Apparently, defendant has erroneously interpreted the language in this case. It is clear that a plaintiff cannot rely on the complaint, and that a defendant cannot rely on the answer, but either party can rely on the *other's* pleading. Defendant is under the misconception that the

---

[9]Defendant failed to comply with Code of Civil Procedure section 437c in that it did not file any counteraffidavits, but only a document entitled "Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment and in Favor of Transfer to Central District of the Los Angeles Superior Court."

word "other's" refers to the other pleadings in the case. Since plaintiff's motion was directed only to defendant Happy Tiger, plaintiff need only satisfy those issues raised by Happy Tiger's answer.

■ Defendant further contends that the award of punitive damages was invalid because plaintiff in this case was an assignee. As previously noted, $10,000 of the total amount of the judgment were punitive damages based on plaintiff's fourth cause of action for fraudulent misrepresentation. It is the general rule that in the absence of a statute punitive damages are allowed only to the immediate person injured. (*People* v. *Superior Court,* 9 Cal.3d 283, 287 [107 Cal.Rptr. 192, 507 P.2d 1400, 55 A.L.R. 3d 191]; *French* v. *Orange County Inv. Corp.,* 125 Cal.App. 587, 591 [13 P.2d 1046].) As the court stated in the *French* case (at p. 591): "The plaintiff's objection that he was not awarded exemplary damages . . . is not well taken, because plaintiff prosecutes this action solely and only as assignee of the cause of action." Since the plaintiff in the instant case is bringing this action as an assignee, a judgment rendered in her favor with regard to punitive damages cannot be sustained.[10]

■ Defendant also contends that venue was improperly laid. However, defendant has waived any claim he may have had with respect to this issue by filing an answer with the court. Code of Civil Procedure section 396b provides in pertinent part: ". . . . Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, or, at his option, without answering or demurring and within the time otherwise limited to plead, files with the clerk . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of such papers. Upon the hearing of such motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the same transferred to the proper court; . . . provided further, that in any case if an answer be filed, the court may consider opposition to the motions, if any, and may retain the action in

---

[10]To sustain a claim for punitive damages, it is necessary that the affidavits and the accompanying documents establish "an intent to vex, annoy or injure." (*Gombos* v. *Ashe,* 158 Cal.App.2d 517, 527 [322 P.2d 933].)

the county where commenced if it appears that the convenience of the witnesses or the ends of justice will thereby be promoted."

Defendants' failure to file a separate motion for change of venue precludes it from raising the venue issue on appeal.[11]

Defendant also raises several miscellaneous contentions relative to his claim that certain alleged "unconscionable conduct on the part of plaintiff's attorneys" violated his right to due process of law under the Fourteenth Amendment. We are convinced that there has been no significant deprivation of any of defendant's rights relative to the merits of this controversy.

The judgment is reversed. Costs on appeal to defendant.

Kaus, P. J., and Ashby, J., concurred.

---

[11]Defendant had raised the issue by way of an affirmative defense in his answer, but section 396b clearly indicates that this is inadequate.