[Civ. No. 43289. First Dist., Div. Four. Nov. 8, 1978.]

LUMBERMANS ACCEPTANCE COMPANY et al.,
Plaintiffs, Cross-defendants and Appellants, v.
SECURITY PACIFIC NATIONAL BANK,
Defendant, Cross-complainant and Respondent.

**COUNSEL**

Charles M. Giovanetti and John E. Mahoney for Plaintiffs, Cross-defendants and Appellants.

Broad, Khourie & Schulz, Ronald Larson, Robert R. Cross and Richard A. Rogan for Defendant, Cross-complainant and Respondent.

**OPINION**

**CHRISTIAN, J.**—Lumbermans Mortgage Company, Lumbermans Acceptance Company and Ian T. Allison appeal from a summary judgment determining that Security Pacific National Bank is entitled to recover

payments made on a $700,000 irrevocable letter of credit which Security Pacific had issued to Union Bank upon the application of Lumbermans Mortgage Company. Lumbermans Acceptance and Ian T. Allison were held liable as guarantors of the obligation of Lumbermans Mortgage.

The affidavits presented on the motion for summary judgment establish without conflict the following events. Lumbermans Mortgage Company was engaged in developing a real estate project called "San Jose Medical Arts Plaza." Short term financing for construction of the project was provided by Union Bank. It was planned that after the project was completed the debt to Union Bank would be paid out of the proceeds of a long term loan to be made by Massachusetts Mutual Life Insurance Company. It was anticipated that this long term loan might not be sufficient to retire in full Lumbermans' indebtedness to Union Bank. To cover this anticipated gap, Lumbermans obtained from Security Pacific an irrevocable letter of credit in favor of Union Bank payable "up to the aggregate sum of $700,000.00" upon presentation of Union Bank's draft accompanied by Union Bank's "signed statement that Lumberman's Mortgage Company, 306 Mendocino Ave., Santa Rosa, CA 95404, on November 1, 1975, has not repaid the Union Bank the U.S. $700,000.00 gap construction financing loan on the San Jose Medical Arts Plaza." The letter of credit was issued upon continuing guaranties executed by appellants Lumbermans Acceptance and Ian T. Allison.

After the project was completed, Massachusetts Mutual declined to issue a long term loan. Lumbermans informed Security Pacific of this development, stating the view that "the events required to implement the . . . letter of credit never transpired, and therefore this letter of credit should be declared null and void." Security Pacific responded by letter that it felt obligated "to honor the Letter of Credit when it is presented for payment."

By letter dated November 1, 1975, Union Bank presented the letter of credit for payment, certifying that Lumbermans had not "repaid the Union Bank the $700,000.00 gap construction financing loan on the San Jose Medical Arts Plaza." On November 20, Security Pacific honored Union Bank's draft and paid it $700,000 under the letter of credit.

■ Appellants contend, citing *Dugar* v. *Happy Tiger Records, Inc.* (1974) 41 Cal.App.3d 811 [116 Cal.Rptr. 412], and similar cases, that the documentary showing made by Security Pacific in support of its motion

for summary judgment was ineffective because, assertedly, all the exhibits attached to the affidavit were photocopies and were not the originals. It is true that, except in the instance of the letter of credit itself, the record does not show compliance with the provision of Evidence Code section 1510 that copies may be used when the original documents are produced at the hearing and made available for inspection by the adverse party. (See *Dugar* v. *Happy Tiger Records, Inc., supra,* 41 Cal.App.3d at p. 816.) But a photocopy of the letter of credit was attached to and pleaded in appellants' complaint. The affidavits themselves establish, without reference to the ineffectively presented documents, that the letter of credit was presented and paid in literal compliance with its terms. Thus, the legal issue of Security Pacific's liability under the letter of credit was effectively presented.

■ Appellants contend that factual issues existed as to whether Security Pacific was required to pay under the letter of credit and whether Security Pacific acted in good faith with respect to its customer, Lumbermans Mortgage Company, and the guarantors, Lumbermans Acceptance Company and Ian T. Allison. This contention cannot be sustained. The letter of credit is a commercial instrument which represents a primary obligation between the issuer and the beneficiary. An issuer has no responsibility for performance of the underlying contract between the customer and the beneficiary (Cal.U.Com. Code, § 5109). An issuer "must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary." (Cal.U. Com. Code, § 5114, subd. (1); *Association De Az. De Gua.* v. *United States Nat. Bank of Ore.* (9th Cir. 1970) 423 F.2d 638, 641.) Appellants' theory is that because Massachusetts Mutual declined to make a long term loan, there was no "gap" in the substitution of permanent financing for the interim loan which had been made by Union Bank. But the issuer of an irrevocable letter of credit is, by the above quoted statutory language, exempted from any responsibility to determine the reciprocal rights and liabilities of the applicant for the letter of credit as against the beneficiary. (See Braucher & Riegert, Introduction to Commercial Transactions (1977) p. 368.) There is nothing in the record indicating fraud or lack of good faith on the part of Security Pacific in paying the irrevocable letter of credit upon presentation. The court acted correctly when it determined that there were no factual issues and thereupon rendered summary judgment.

The judgment is affirmed.

Caldecott, P. J., and Parrish, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 3, 1979.

*Assigned by the Chairperson of the Judicial Council.